**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA D. MORIARITY,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONSTAR MORTGAGE, LLC, and DOES 1-10,<br><br>    Defendants. | Case No. 1:13-cv-00855-AWI-SMS<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HER WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT<br><br>(Doc. 4) |

Plaintiff Linda D. Moriarity ("Plaintiff"), proceeding *in forma pauperis*, filed this complaint against Defendants Nationstar Mortgage, LLC ("Nationstar") and Does 1-10. The first claim is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The second alleges violations of California's version of this law, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), California Civil Code § 1788 *et seq*. The third claim is for a violation of the Telephone Consumer Protection Act ("TCPA"), 47 USC § 227.

When a plaintiff files a complaint *in forma pauperis,* the complaint must be screened pursuant to 28 U.S.C. § 1915(e). If the complaint survives screening, the Court then directs the Clerk of the Court to order service by the United States Marshal in accordance with Fed.R.Civ.P. 4(c)(3). The plaintiff is not to attempt service. This is explained in a packet entitled "A Simple Guide to

1

Filing a Civil Action" which is given to *pro se* litigants in this district when they file actions with the Clerk's Office.[1] *See id.* at 3 ("If your In Forma Pauperis application is granted, the Court will direct the U.S. Marshal to serve your summons and complaint upon the defendants.") Plaintiff disregarded these instructions and attempted to serve her complaint on Nationstar before the Court screened her complaint. On June 25, 2013, Nationstar filed a motion to dismiss the complaint. Doc. 4.

Although the Court has read and considered Nationstar's motion to dismiss, the Court will not decide it at this time. Instead, the Court first addresses Plaintiff's complaint under its screening authority. "The PLRA provides that a district court 'shall dismiss' an *in forma pauperis* complaint that fails to state a claim. So even if a 12(b)(6) motion is made, that does not relieve the district court of its duty to follow the PLRA." *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

As explained below, some of Plaintiff's claims are cognizable and others are not. Plaintiff must therefore notify the Court whether she intends to file an amended complaint or whether she wishes to proceed only on the claims found cognizable. Nationstar's motion to dismiss is DENIED as moot without prejudice to filing a motion to dismiss in the future.

## I.     Screening Standard

Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma pauperis* or by prisoners. *Lopez* at 1129. The Court must dismiss the complaint or any portion of it that is "frivolous," "malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A complaint is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint's failure to state a claim is defined in Fed.R.Civ.P. 12(b)(6), in that it does not satisfy the pleading standards in Fed.R.Civ.P. 8. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). This screening for failure to state a claim is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1120 (S.D. Cal. 2007).

---

[1] Available online at http://www.caed.uscourts.gov/caed/documents/forms/civil/prosepack.pdf.

2

## II. Pleading Standards

Under Fed. R. Civ. P. 8(a), a pleading that states a claim for a relief must include a statement demonstrating the Court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." It must give the defendant fair notice of the claims against him and state their elements plainly and succinctly. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. … [¶] [A] complaint must contain sufficient factual matter, accepted as true, to … allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Although a court assumes the truth of well-pled factual allegations, legal conclusions are not entitled to the same assumption of truth. *Id*.

If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent the deficiencies can be cured. *Lopez* at 1127-28 (the "rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant") (*quoting Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987)). Only if it is "absolutely clear" that the deficiencies could not be cured by amendment should the Court dismiss a *pro se* complaint with prejudice. *Noll* at 1448.

## III. Allegations

Plaintiff lives in Kern County. On or about April 23, 2012, Plaintiff was notified in writing by Bank of America, N.A., that effective May 15, 2012, Nationstar Mortgage would be assigned as the new servicer of a mortgage originated in 2003. According to this notice, collection of all payments and other collection activities would be by Nationstar on behalf of the owner. Plaintiff never had any prior business relationship with Nationstar.

Beginning on May 22, 2012, Defendant Nationstar used automated dialers to constantly and continuously place collection calls to Plaintiff seeking and demanding payment for an alleged debt

3

owed. Between May 22, 2012 and July 17, 2012, Nationstar placed a total of 42 telephone collection calls to Plaintiff's home telephone. Of these, 37 were placed by an automated dialer, and 31 left a voice or prerecorded message to call a number to discuss an important matter. The calls were primarily from a single common 1-800 number. Plaintiff alleges that the sole purpose of these calls, made almost daily, was to harass and annoy her.

Plaintiff has documented each call in the complaint. Her timeline also indicates the details of certain calls or other incidents which caused her special concern. Nationstar first sent her a right-to-dispute letter on May 31, 2012, nine days after the initial telephone contact. (Plaintiff includes this letter as Exhibit 1 to her complaint.) On June 6, 2012, Nationstar called her before 8:00 A.M. On June 19, 2012, Plaintiff sent a written dispute letter including a request to cease future collection calls. (Plaintiff includes her letter as Exhibit 2 to her complaint.) Nevertheless she received 20 further calls between June 23 and July 17, 2012.

Plaintiff has included several exhibits. Among these is the May 31, 2012 right-to-dispute letter. Doc. 1 at Ex. 1. In it, Nationstar informed Plaintiff of her total mortgage debt at the time of the transfer, consisting of unpaid principal balance, interest, fees, and expenses paid on her behalf.

The Court also takes judicial notice of the four exhibits that Defendant has filed with its motion to dismiss. As relevant here, the fourth exhibit is a Notice of Default dated October 20, 2011 and recorded in the Official Records of the Kern County Recorder's Office on October 21, 2011.

**IV.   Analysis**

    **A.   Doe Defendants**

Plaintiff filed this case against Nationstar and Does 1-10. However, in her complaint, she alleges violations only by Nationstar. The Does make their only appearance in the title of the complaint, then do not appear again. If Plaintiff wishes to sue a defendant—"Doe" or otherwise—she must include that defendant in the caption of her complaint and refer to him in connection with each of the causes of action that he is responsible for. Then, in the body of that cause of action, she must specify what he did to make him responsible.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity

4

to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Id*. When a Plaintiff is not able to name one or more Defendants when she files her complaint, she must provide sufficient information to enable the court and her opponents to know whom she is trying to identify. *See, e.g., Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"); *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day'").

If Plaintiff determines that it is necessary to include Doe defendants in her complaint, she should plead additional facts relating to them as described above.

**B.      Claims**

**1.      Fair Debt Collection Practices Act**

Plaintiff's first cause of action is against Nationstar under the FDCPA. Under the provisions of the FDCPA, debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). To establish a violation of the FDCPA, Plaintiff must show: (1) she was a consumer (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. *Miranda v. Law Office of D. Scott Carruthers,* 2011 U.S. Dist. LEXIS 55180, at *11 (E.D. Cal. May 23, 2011), *citing Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004).

Plaintiff adequately alleges that she is a consumer within the meaning of FDCPA. She alleges that she was the object of a collection activity arising from a consumer debt. She also adequately alleges that Nationstar engaged in acts or omissions prohibited by the FDCPA.

Specifically, Plaintiff alleges that, without her consent, Nationstar placed a call at 6:58 A.M., in violation of 15 U.S.C. § 1692c (a)(1); that it made twenty calls after receiving Plaintiff's request to stop calling her, in violation of 15 U.S.C. § 1692c(c); that it took more than five days to send her the information required in 15 U.S.C. § 1692g(a); and that it placed calls whose natural consequence is to harass, specifically by placing repeated calls or repeatedly engaging Plaintiff in conversation with the intent to annoy, abuse, or harass as proscribed by 15 U.S.C. § 1692d(5). Plaintiff also claims that Nationstar misrepresented the amount of her debt, in violation of 15 U.S.C. § 1692e(2).

As for the remaining element, Plaintiff asserts that Nationstar was a "debt collector" as defined by the act. Nationstar fits the definition of this term as it appears at 15 U.S.C.1692a(6) ("any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"). However, the definition also has several exclusions. In its motion to dismiss, Defendant identifies a case which states that mortgage servicing companies fall within these exclusions. *See Caballero v. Ocwen Loan Servicing*, 2009 WL 1528128, *1 (N.D. Cal. May 29, 2009) ("mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA]"). However, this case's authorities are not so categorical. Instead, they discuss mortgage servicers in the context of a particular exception which applies only to debt which "was not in default at the time it was obtained." 15 U.S.C.1692a(6)(F)(iii); *Scott v. Wells Fargo Home Mortgage Inc.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003), *citing Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see Frison v. Accredited Home Lenders, Inc.*, 2011 WL 1103468 (S.D. Cal. Mar. 25, 2011) (unpublished). This exclusion does not apply here. According to the complaint and judicially noticed documents, the debt was in default when Nationstar obtained it: Nationstar has provided a Notice of Default dated October 21, 2011, and Plaintiff alleges that Nationstar Mortgage was assigned as the new servicer of her mortgage in May 2012.

Therefore, Plaintiff has adequately alleged that Nationstar is a debt collector under the Act, and she has alleged a cognizable claim under the FDCPA.

### 2. **Rosenthal Fair Debt Collection Practices Act**

Plaintiff claims a violation by Nationstar of California's RFDCPA, although she does not number this claim or present it in her complaint as a separate claim. The RFDCPA, "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices." *Robinson v. Managed Accounts Receivable Corp.*, 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009), citing Cal. Civ. Code § 1788.1. Among other provisions, the RFDCPA incorporates the provisions of the FDCPA. As a result, a violation of the FDCPA is a violation of the RFDCPA. *See, e.g., Hosseinzadeh v. M.R.S. Assoc.*, 387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005).

Nationstar argues that Plaintiff's claim fails because residential mortgage loans are not "debts" under the RFDCPA. This position is not persuasive. Rather, the law is clear that *foreclosure* is not a debt collection under the FDCPA or the RFDCPA. California courts reached this conclusion largely by analogy to the Oregon district court opinion in *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or.2002). *See Jara v. Aurora Loan Servs.*, *LLC*, 2011 WL 6217308 (N.D. Cal. Dec. 14, 2011) (identifying *Hulse* as principal case). As the *Hulse* court explained in analyzing the FDCPA and Oregon's version of that law,

> [f]oreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property. ... [¶] Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.

*Hulse* at 1204. California courts are now in consensus with *Hulse* that foreclosure is not a debt collection under the RFDCPA. *See Sipe v. Countrywide Bank,* 690 F.Supp.2d 1141, 1151 (E.D.Cal.2010); *Gardner v. American Home Mortgage Servicing, Inc.,* 691 F.Supp.2d 1192, 1198 (E.D.Cal.2010); *Castaneda v. Saxon Mortgage Services, Inc.,* 687 F.Supp.2d 1191, 1197 (E.D.Cal.2009) (citing *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008)); *Rosal v. First Federal Bank of California,* 671 F.Supp.2d 1111 (N.D.Cal.2009); *Swanson v. EMC Mortgage Corp.,* No. CV F 09–1407 LJO DLB, 2009 WL 3627925, *4 (E.D.Cal. Oct. 29, 2009)

(citing *Hulse v. Ocwen Federal Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or.2002)); *Castaneda v. Saxon Mortg. Services, Inc.,* 2009 WL 4640673, \*3 (E.D.Cal. Dec.3, 2009).

District courts have occasionally gone farther, stating that residential mortgage loans themselves are not "debts" under the RFDCPA. However, these cases are much rarer, and their reasoning is not persuasive. Indeed, this Court can only identify one opinion that offers a reasoned justification. In *Sipe v. Countrywide Bank,* 2010 WL 2773253 (E.D.Cal. July 13, 2010), the court explained: "If a residential mortgage loan is not a debt under the RFDCPA for purposes of foreclosure, it makes no sense to categorize it as a 'consumer debt' when a loan serving company allegedly attempts to collect the debt by means other than foreclosure." But this ignores the reason that *Hulse* excepted foreclosures in the first place. *Foreclosures* on mortgages are not debt collection because they do not represent "enforcement of the obligation" or "an attempt to collect funds from the debtor." *Hulse* at 1204. *Collections* on mortgages satisfy these conditions.

The one case that Nationstar cites is *Pontiflet-Moore v. GMAC Mortgage*, 2010 WL 432076 (E.D. Cal. Jan. 15, 2010), a case which asserts that residential mortgage loans are not "debts" under the RFDCPA. However, *Pontiflet* offers no reasoning for this proposition, and the cases it cites do not themselves stand for this proposition. These are *Pittman v. Barclays Capital Real Estate, Inc.,* 2009 WL 1108889, at \*3 (S.D.Cal. April 24, 2009) (residential mortgage loan does not qualify as a debt in the context of foreclosure on a deed of trust); *Ines v. Countrywide Home Loans, Inc.,* 2008 WL 4791863, at \*3 (S.D.Cal.2008) (foreclosure pursuant to deed of trust is not collection of a debt under the FDCPA, and relying on a case which misinterprets *Perry*, *supra*, as exempting mortgage loans from the FDCPA, which this Court rejects above); and *Castaneda v. Saxon Mortg. Services, Inc.,* 2009 WL 4640673, at \*3 (E.D.Cal. Dec.3, 2009) (foreclosure pursuant to a deed of trust does not constitute a debt collection under the RFDCPA).

Thus, there is no reason to believe that mortgage debts are exempted from the RFDCPA. This conclusion is consistent with the fact that the RFDCPA explicitly incorporates the FDCPA, which also includes this activity (at least when the debt collector acquires the mortgage already in default, as explained above). When violations of both statutes are alleged in this fashion, the only element peculiar to the RFDCPA is that a "debt collector" must be "collecting or attempting to

collect a consumer debt." Cal. Civ. Code § 1788.17. This essentially means that money or property is being collected by reason of a transaction in which property, services or money is acquired on credit primarily for personal, family, or household purposes. Cal. Civ. Code § 1788.2. On its face, collection of a mortgage loan fits this definition. Furthermore, this definition is materially indistinguishable from the FDCPA's own definitions, which refer to the collection of any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a.

Nationstar makes the separate argument that the RFDCPA claim must be dismissed because Plaintiff has failed to state what provision of this law Nationstar has violated. Nationstar cites *Pontiflet-Moore*, *supra*, and *Lingad v. Indymac Federal Bank*, 682 F.Supp.2d 1142, 1148-49 (E.D. Cal. 2010). These cases are distinguishable because the claimants did not also allege violations of the FDCPA. Because Plaintiff has done so, and because a violation of the FDCPA is a violation of the RFDCPA, she has properly alleged specific violations of the RFDCPA.

Therefore, Plaintiff has alleged a cognizable claim under the RFDCPA.

### 3. Telephone Consumer Protection Act

Plaintiff's next cause of action is for violations by Nationstar of the TCPA. Broadly, the TCPA seeks to prevent unsolicited telephone calls from telemarketers and restricts the use of automated telephone equipment. *See generally* 47 U.S.C. § 227. Congress enacted the TCPA to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile ([f]ax) machines and automatic dialers." *See* S. Rep. No. 102-178 at 1 (1998), *reprinted in* 1991 U.S.C.C.A.N. 1968.

Plaintiff states that Nationstar violated the TCPA in two ways. Her first claim is for violations of 47 U.S.C. § 227(b)(1)(A)(iii). Under this section, it is

> unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – . . . (iii) to any telephone number assigned to a paging service,

9

>cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). Thus, to state a claim under this provision, a plaintiff must plead "that Defendant made the call; Plaintiff was charged for the call; and the call was made using any automatic telephone dialing system or an artificial or prerecorded voice." *Knutson v. Reply!, Inc.*, 2011 WL 291076, *1 (S.D. Cal. Jan. 27, 2011).

Although Plaintiff has alleged that she received calls from an "automatic telephone dialing system or an artificial or prerecorded voice," she has not alleged that that the calls were made to "any service for which the called party is charged for the call." Instead, she has only alleged that the calls were made to her home number from a 1-800 number. Therefore, she has not properly stated a TCPA violation under this theory.

Plaintiff's second claimed violation of the TCPA is of 47 U.S.C. § 227(b)(1)(B). This section makes it unlawful for a person as described above "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." Although Plaintiff has alleged these facts, this section also allows the Federal Communication Commission (FCC) to create exemptions, and it has done so. As relevant here, FCC regulations exempt any call "made for a commercial purpose but [which] does not include or introduce an unsolicited advertisement or constitute a telephone solicitation[.]"47 C.F.R. § 64.1200(a)(2)(iii). In 1995, the FCC issued a Memorandum Opinion and Order clarifying that this exemption covered pre-recorded debt collection calls. The FCC explained:

>[P]rerecorded debt collection calls are adequately covered by exemptions adopted in our rules. Our rules explicitly exempt calls made either by a party with whom the subscriber has an established business relationship or calls that do not transmit an unsolicited advertisement and are made for a commercial purpose. … We have specifically noted that 'prerecorded debt collection calls [are] exempt from the prohibitions on [prerecorded] calls to residences as ... commercial calls ... which do not transmit an unsolicited advertisement.' … Because the termination of an established business relationship is significant only in the context of solicitation calls, that act of terminating such a relationship would not hinder or thwart creditors' attempts to reach debtors by telephone.

Thus, FCC regulations exempt from 47 U.S.C. § 227(b)(1)(B) the calls allegedly made by Nationstar.

## V.     Conclusion

Plaintiff states cognizable claims under FDCPA and RFDCPA. However, she has not adequately pled a violation of the TCPA. Because she cannot state a claim under 47 U.S.C. § 227(b)(1)(B), Plaintiff may not amend this claim. However, if Plaintiff believes that she can allege facts to state a violation of 47 U.S.C. § 227(b)(1)(A)(iii), she may amend this claim. The Court will provide Plaintiff with the opportunity to file an amended complaint curing these deficiencies. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, Plaintiff may notify the Court in writing that she does not wish to file an amended complaint and is agreeable to proceeding only against Nationstar (not any Doe defendants) and only for these violations.

If Plaintiff opts to amend, her amended complaint should meet the same requirements that applied to her previous complaint: it should be brief, but must state facts supporting allegations as to the harm caused by each defendant. Fed. R. Civ. P. 8(a); *Iqbal* at 678. Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King* at 567 (citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

If Plaintiff opts to proceed, the Court will dismiss **with prejudice** Plaintiff's TCPA claim and any claims against "Does 1-10." The Court will send Plaintiff instructions for what she must do before the Court can instruct the United States Marshal to effect service upon Nationstar. Plaintiff must not attempt service herself.

/ / /

/ / /

/ / /

11

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED**, without prejudice;

2. Within **30 days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified in this order, or

    b. Notify the Court in writing of her willingness to proceed on her original complaint, only against Defendant Nationstar and only on the claims permitted above;

3. If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

4. Nationstar's motion to dismiss is DENIED as moot, without prejudice to filing another motion to dismiss in the future.

IT IS SO ORDERED.

Dated:   **July 3, 2013**                              **/s/ Sandra M. Snyder**
                                                                            UNITED STATES MAGISTRATE JUDGE