1  Linda D. Moriarity
   c/o 27300 Buckpasser Drive
2  Tehachapi, California
   Tel: 661 823-7871
3  Email: buffalogirl93561@att.net

4

5  Plaintiff in Pro Se

**FILED**

JUL 3 1 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

6

7
8              **UNITED STATES DISTRICT COURT**
               **EASTERN DISTRICT OF CALIFORNIA**
9                 **BAKERSFIELD DIVISION**

10

11  **LINDA D MORIARITY**, an individual          Case No : **1:13-cv-00855-AWI-SMS**

12          Plaintiff.                            **FIRST AMENDED COMPLAINT FOR**
                                                  **VIOLATIONS OF FAIR DEBT**
13                                                **COLLECTION PRACTICES ACT;**
                                                  **CALIFORNIA ROSENTHAL FAIR**
14              Vs                                **DEBT COLLECTION PRACTICES ACT ;**
                                                  **FAIR CREDIT REPORTING ACT;**
15                                                **TELEPHONE CONSUMER PROTECTION**
    **NATIONSTAR MORTGAGE, LLC**                  **ACT AND FOR OBLIGATION OF FEES**
16  **AND DOES 1-20 INCLUSIVE**                   **DUE PLAINTIFF.**

17

18          Defendants                           **DEMAND TRIAL BY JURY**

19

20

21      The Plaintiff, Linda D. Moriarity, hereby complains against the

22  Defendant, NATIONSTAR MORTGAGE, LLC, and DOES 1-20. alleges and states

23  her claim as follows:

24

25                 **PRELIMINARY STATEMENT**

26      1. This is an action for actual and statutory damages for violations

27
28  of the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1601, California

1
FIRST AMENDED COMPLAINT FOR VIOLATION  FDCPA, RFDCPA, FCRA, TCPA AND FEES DUE.
WITH DEMAND FOR  JURY TRIAL

Fair Debt Collection Act also known as the Rosenthal Act ("Rosenthal" or

"RFDCPA") Civ Code § 1788 , Fair Credit Reporting Act ("FCRA") 15 U.S.C

1681,  the Telephone Consumer Protection Act, 47 USC § 227. (hereafter the

"TCPA") and finally for obligation of fees due Plaintiff.

## **PARTIES**

2. Plaintiff, Linda D. Moriarity ("Plaintiff" or "Moriarity") is a natural

Person, a resident of the State of California and at all times relevant to this matter,

within County of Kern, and a 'consumer'  as that term is defined by FDCPA and

Rosenthal.

3  Defendant Nationstar Mortgage, LLC is also a 'debt collector' as defined

by Title 15 USC  § 1692a,  Fair Debt Collections Protection Act,  The term "debt

collector" means any person who uses any instrumentality of interstate commerce or

the mails in any business the principal purpose of which is the collection of any

"debts". However, 1692a (6) (F) states, the term 'debt collector' does not apply 'if'

(ii)  'debt was originated by this person' [entity] or (iii) 'a debt **not** in default at the

time it was obtained'.

4. Defendant Nationstar Mortgage, LLC is also a debt collector as defined

under 1788.2 ( c), the Rosenthal Act.

5. Defendant is not the originator of the debt and obtained alleged possession

by assignment  'after' it was deemed 'in default',  therefore it cannot be a creditor

under FDCPA ..

6. Defendant Nationstar Mortgage, LLC is a debt collector as defined under 1788.2 ( c), the Rosenthal Act, which also applies to creditors, even though Defendant is not, by definition, a creditor in this matter.

7. Defendant, Nationstar Mortgage, LLC , is based in Texas, but licensed and authorized to do business in California.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, and where their identity is known, are named herein, otherwise they are known only as 'DOE' or 'DOES'.

9. All conditions precedent to the bringing of this action have been performed, waived or excused.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under U.S.C 15 U.S.C. §1681p and 15 U.S.C. §1692k, Civ Code §1788.17,  47 U.S.C. §227(c)(5),  and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

11. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

12. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

13. This is an action for damages which exceed $75,000.00.

## FACTUAL ALLEGATIONS

14. At all pertinent times, as related to FDCPA and RFDCPA violations, Defendant Nationstar Mortgage was primarily, but not solely, attempting to collect an alleged consumer debt from Plaintiff, but in all instances, without Plaintiff's consent.

15. The alleged debt at issue arose out of a consumer transaction, for personal family, or household purposes and is therefore a "debt" as that term is defined by FDCPA and RFDCPA.

16. On or about April 28, 2012, Plaintiff received written notification from Bank of America, N.A.,("BANA") that Nationstar Mortgage was to be the assignee effective May 15, 2012, of the $108,000.00 mortgage stating Plaintiff was the borrower, which originated in 2003. That all matters related to this alleged mortgage debt should be addressed to and would be handled by Nationstar. However, there is sufficient evidence to support the fact the assignments by BANA have been forged, legally leaving both BANA and Nationstar without any authority.

17. Plaintiff had/has never established any business relationship with Nationstar, in fact had never heard of them prior to receiving notice of assignment

of April 2012.  Since then there is still no 'relationship' established.

18. Beginning on May 22, 2012, Defendant Nationstar constantly and continuously placed calls to Plaintiff, initially seeking payment for an alleged debt owed, notably, by automated dialer telephone calls as defined by the TCPA §227 (a) (1).  Pursuant to 47 U.S.C §227 ( c) (1) is unlawful to use and prohibited use within the United States that does not comply with the technical and procedural standards contained therein. Defendant has not established such compliance.

19.  None of the  placed calls were for emergency purposes.

20.  Between May 22, 2012 and July 17, 2012, Nationstar placed a total of **42 telephone calls** to Defendant's home telephone number 661-823-7871, as memorialized with dates and times individually enumerated in **Exhibit "1"** as attached and incorporated herein.

21.  Of those calls, **37 were placed by an automated dialer** as defined under **TCPA §227 (b) (1) (A) (iii)**, (*prohibiting use of automated dialers for any call except for emergencies or with prior consent, (iii) for which the called party is charged).*  Plaintiff  subscribes to California Lifeline telephone service, under a limited use plan of 30 per month.  Any calls which exceed that monthly call allowance incurs a 'per call fee' that Plaintiff must pay.

22.  A total of **31 calls** made between June 10 and July 17, 2012,  had a 'voice or prerecorded message' to call an 800 number to discuss an important

matter,

23.   However the '**important matter**' was a not for collection, but for **solicitation** as defined under §227 (a)(1)(4), inviting and encouraging Plaintiff to apply for a loan modification with Nationstar, which Plaintiff discovered after responding to the message and placed return calls two (2) or three(3) times between June 10 and July 17, 2012.  Additionally, due to the pending civil matter at that time regarding the alleged loan, there was nothing to discuss as to collection issues.

24.   Plaintiff has never given consent either verbally or in writing to Nationstar to permit or accept calls of any kind from Nationstar.  Nor is there any pre-existing call consent from BANA, that having been revoked in writing in 2010. That consent revocation is in Plaintiff's account records allegedly with Nationstar.

25.  On May 22, 2012 at 9:20 A.M., Plaintiff received the first auto dialer call from Nationstar Doe #1,  known as '**initial contact**'  and in which Nationstar agent ("Doe")  did advise the call was from a 'debt collector and was attempting to collect a debt", aka 'mini Miranda' disclaimer as required. This call was placed from a 972 Texas area code.

26.  Between May 27, 2012 and June 10, 2012, Nationstar placed ten (10) auto dialer collection calls by various Does, of which Plaintiff answered a few, sufficient to note the pause before the auto dialer connected the call to a person. These calls were all placed from  866-316-2432.

27     On each occasion that Plaintiff spoke to any Nationstar agent, Plaintiff repeatedly advised of the pending legal action and the inappropriateness and redundancy of the calls regarding collection, so long as the matter was still pending. Each agent Doe was told "do not waste time calling again as collection is not subject to discussion, at this time".

28.     Once on June 5th and twice on June 6th, auto dialer calls were received from Nationstar agent "TJ" for collection purposes, and was told the same thing.

29.     The first call on June 6, 2012, placed by '**TJ'** was made at **6:56 A.M.**, violating both **FDCPA** §**1692c(a)(1)** *calls cannot be made before 8:00 A.M.* and **RFDCPA § 1812.700** .

30.     On June 11, 2012, Nationstar agent, Kelley McKnight called from the Freddie Mac department from (972) 956-6247 initially to advise he was assigned as Plaintiff's direct contact to discuss the payments and any other related matters regarding the account. Upon Plaintiff relating the then current law suit with BANA, he concurred with Plaintiff that until the pending case was settled there was no point in discussing collection and ask Plaintiff to keep him advised on the court matter. Modification was mentioned, to which Plaintiff stated she was not willing to do or discuss until the court matter was resolved. Mr. McKnight left that option open.

31.     From June 10, 2012 through to July 17, 2012, there were 29 auto dialer calls now with a recorded message to call the provided 800# regarding an 'important

matter'.  Upon calling as directed, Does **solicited** Plaintiff  to apply for a loan modification.  There was no collection discussion.

32.     On June 10, 2012 there were 2 additional recorded message calls for a **total of 31.** Plaintiff did not return either of those calls.

33.     On or about June 19, 2012, Plaintiff caused to have  a written dispute sent to Nationstar regarding erroneous balances initially billed with demand for validation and verification request and  which also included a '**cease and desist**' notice regarding all future harassing telephone calls.  Each call demanded personal information, which Plaintiff refused to provide and expressed objection to such requests.  This 'cease and desist' notice is the  2nd such notice, also references and includes  a copy and notice of Plaintiff's personal 'fee schedule' for future obligation of applicable fees due to Plaintiff should Nationstar **choose to act upon** any listed action, which complies with Cal Civ Code 1581,  as seen in **Exhibit 2,**  as attached and incorporated herein.

34.     On July 27, 2012, Nationstar provides a non-specific  written apology for 'inconvenience Plaintiff has experienced" as seen in **Exhibit 3** attached herein.

35.     On or about June 6, 2012, Plaintiff receives Nationstar's 'first written communication' with the FDCPA notice of right to dispute, aka: validation letter which is dated May 31, 2012, a full 9 days after the required timeframe of  5 days from date of initial telephone contact on May 22, by Doe #1.. See **Exhibit 4**

attached and incorporated herein, a FDCPA **violation of §1692g (a),** *written information must be sent by debt collector within 5 days of initial contact.* This is also a violation of, **RFDCPA §1812.700( c)** *"first written notice shall be sent within 5 days"* [of initial contact].

36     Nationstar's first written notice further violates **RFDCPA §1812.700 (b),** by failing to include the required Notice of Debtor's Rights on its first written notice *'initially addressed to a California address of a debtor'* .

37.    Nationstar violated **RFDCPA §1812.700 (a)** by failing to include the referenced Notice of Debtors Rights as required, in addition to, any notice under FDCPA 1692 et seq. See exhibit 4.  Said Rosenthal **notice** shall state:

> **"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may ct the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."**

and shall be included on **all** collection notices sent to California addressed debtors. Nationstar **continues** to violate this section by intentionally omitting this notice on any written collection communications to Plaintiff, while noting "this is an attempt to collect a debt".

38. On August 7, 2012, Plaintiff  sent Nationstar a notice advising them some

of the documents BANA provided to them were invalid and fraudulent. Also included was a reminded of their repeated FDCPA violations along with a billing [invoice] for their accepted obligation, without dispute, as manifested by those actions, having been previously noticed and to which Nationstar never disputed or for that matter ever addressed thereby accepting in accordance with *Calif Civ Code §1584* . The invoice ss seen in **Exhibit 5,** as attached herein, is for 19 of the 20 calls Defendant made following receipt of the cease and desist notice accompanied by the fee schedule, reminding Nationstar of applicability upon their receipt on June 23, 2012.

39.     Defendant has failed to dispute or deny invoiced charges totaling $19,000.00, plus monthly late fees, to this day. Invoice clearly states in **red** "deemed valid if not disputed with 30 days" as noted in exhibit 5. Defendant cannot now deny or attempt to revoke accepted proposal, *Ca Civ Code §1586* after the fact.

40.     On October 6, 2012, Plaintiff served Nationstar via US Certified Mail with a Qualified Written Response (QWR) again disputing the alleged debt, authority and the validity, accordance with RESPA/TILA, having received no tenable response to previous dispute with an intelligible accurate accounting.

41.     On June 28, 2013 Plaintiff had occasion to check her credit report to find that in November 2012, just weeks after receiving Plaintiff's QWR dispute in October, Defendant Doe made a derogatory report to two Consumer Reporting

Agencies for October 2012, willfully failing to also report the matter was disputed as required, a violation of Fair Credit Reporting Act   ("**FCRA"), 15 USC §1681s-2 (a) (3)** in part states "*If completeness or accuracy is disputed to the reporting person, by a consumer, the person **may not furnish** the information to any Consumer Reporting Agency without notice the information is disputed by the consumer.*" A true and correct copy of Plaintiff's credit report for Nationstar's reporting is  attached herein as  **Exhibit 6.**

42. This deliberate action then incurred a $25,000 fee for each invalid act or other omissions  as to negative reports to any Consumer Reporting Agency ("CRA") per report,  as listed on Plaintiff's personal 'fee schedule' as seen in exhibit 2.

43.    Defendant Nationstar, placed  repeated calls to Plaintiff primarily from telephone numbers: 866-316-2432, between May 22, 2012 and June 11, 2012, for no other reason than debt collection,

44.    Defendant Nationstar's sole purpose in contacting Plaintiff almost daily, was to harass and annoy Plaintiff and were told repeatedly Plaintiff refused matter by telephone and refused to give requested personal information, yet the calls continued.

45.    Between June 10, 2012 and July 17, 2012, Nationstar placed 30 calls using an auto dialer with a recorded message without Plaintiff's consent, claiming it to be an important matter, when in fact it was to solicit Plaintiff to apply for a

1 modification, for which Nationstar receives government incentives.

2      46.    From June 23, 2012 through July 17, 2012,  Defendant Nationstar

3

4 has also **violated the FDCPA §1692c ( c)** "*if consumer notifies debt collector to*

5 *cease further communication the debt collector shall not communicate further*

6

7 *with the consumer with respect to such debt,* by calling Plaintiff's 20 times

8 following receipt of cease and desist notice.

9      47.    Through this conduct, Defendant Nationstar has used  unfair or

10

11 unconscionable means to  attempts to collect a debt.  The volume and

12 regularity of calls (violations) are indicative of willful and knowing intent and

13 harassment.

14

15      48 . Through its indifference and blatant disregard for the laws,

16 Consumer rights,  and overall conduct, Defendant Nationstar caused Plaintiff

17

18 undue emotional stress and duress necessitating Plaintiff to at least,

19 disconnect her answering machine, and to invite injury in attempting to get to

20

21 a ringing telephone knowing no message could be left and by causing injury to

22 Plaintiff's personal relations accordingly, *Ca Civ Code §43.*

23      49.    Through its repetitive and persistent actions Nationstar has

24

25 demonstrated its actions were willful and with deliberate intent as to all issues.

26 specifically the incessant telephone calls and soliciting messages.

27

28

### FIRST CAUSE OF ACTION AND CLAIM FOR RELIEF
### VIOLATION OF FAIR DEBT COLLECTION

**PRACTICES ACT (FDCPA), 15 U.S.C. §1692 et seq
BY DEFENDANT NATIONSTAR MORTGAGE, LLC AND DOES 1-20**

50.    Plaintiff incorporates by reference all of the above paragraphs

of this Complaint as though fully stated herein.

51.    The foregoing acts and omissions constitute numerous and

multiple violations of the Fair Debt Collection Practices Act:

      i.    By placing a collection call at 6:58 **A.M**. which is other than

      between 8:00 A.M. and 9:00 P.M., violating **§1692c (a) (1);**

      ii    By  Does placing  20 calls after receiving cease and desist

      telephone contact notice from debtor, violating **§1692c (c );**

      iii    By failing to send written information within 5 days of initial

      telephone contact, violating **§1692g (a);.**

      iv    By various Does repeatedly placing calls, continually trying to

      engage in Plaintiff in conversation or leave repeated messages with

      intent to annoy or harass, violating **§1692d (5)** ;

      v.    By misrepresenting the amount of the alleged debt, violating

      **§1692e (2)(A),** evidence to be presented at trial;

      vi.    By Doe  failing to Communicate to two separate CRAs

      derogatory credit information without also reporting that the

      alleged debt is disputed by consumer, violating **§1692 e (8).**

vii    By using  unfair or unconscionable means in a attempting to

collect any debt, violating  §1692 f, just by the sheer number of herein

listed violations

52.    As a result of each and every section violation of Fair Debt

Collection Practices Act (FDCPA), Plaintiff is entitled to statutory damages in an

amount up to $1,000.00 from  defendant(s)  pursuant to §1692k (b) (1).

## SECOND CAUSE OF ACTION AND CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT
## COLLECTIONS PRACTICES ACT CIVIL CODE (RFDCPA) CIVIL CODE
## §1788 et seq
## BY NATIONSTAR MORTGAGE, LLC, AND DOES 1-20

53.    Plaintiff incorporates by reference all of the above paragraphs

of this Complaint as though fully stated herein.

54.    The foregoing acts and omissions constitute numerous and

multiple violations of the California Fair Debt Collection Practices Act:

(i)    By failing to send written notification within 5 days of

initial telephone contact pursuant to §1812.700 ( c);

(ii)    By failing to include Debtors Notice of Rights on first

notice as required pursuant to §1812.700 (b);

(iii)    By failing to include Debtors Notice of Rights on any

subsequent debt collection notices as required under RFDCPA

**§1812.700 (a);**

(iv)    By placing a collection call at 6:54 A.M., which is other than

between 8 A.M. and 9 P.M. pursuant to RFDCPA **§1812.700**

Debtors Notice of Rights;

(v)    By Does placing calls for which Plaintiff was charged for calls

violating RFDCPA **§1788.11 ( c);**

(vi)    By Does calling with Plaintiff with such frequency as to

constitute harassment violation RFDCPA **§1788.11 ( e).**

55.    As a result of each and every blatant violation of Rosenthal Fair Debt

Collection Practices Act (RFDCPA), Plaintiff is entitled to statutory damages in an

amount up to $1,000.00 from  defendant(s) pursuant to 1788.17.

**THIRD CAUSE OF ACTION AND CLAIM FOR RELIEF**
**FOR VIOLATION OF 15 U.S.C. §1681 et seq**
**FAIR CREDIT  REPORTING  ACT  (FCRA)**
**BY NATIONSTAR MORTGAGE, LLC AND DOE**

**56.**    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

57.    The foregoing acts and omissions constitute numerous and

multiple violations of the Fair Credit Reporting Act:

> (i) By Doe making a derogatory report in November 2012 to
> Transunion and Equifax, two separate Consumer Reporting Agencies,
> which is prohibited without also reporting that the alleged debt was
> disputed, violating **§1681s-2 (a) (3);**

58. As a result of Defendant's willful and negligent violation of Fair Credit Reporting Act (FCRA), Plaintiff is damaged and entitled to statutory damages in an amount up to $1,000.00 from defendant(s) pursuant to **§1681n** plus actual damages and costs of action and reasonable attorney fees pursuant to **§1681o.**

## FOURTH CAUSE OF ACTION AND CLAIM FOR RELIEF
## TELEPHONE CONSUMERS PROTECTION ACT
## (TCPA) TITLE 47 U.S.C. § 227 et seq
## BY DEFENDANT NATIONSTAR MORTGAGE, LLC AND DOES 1-20

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60 . Defendant(s) willfully, knowingly and without prior consent, used an auto-dialer to place non-emergency calls to Plaintiff's phone for which the called party is charged a fee, violating. **§227(b)(1)(A) (iii) at least 37 times** out of the 42 calls, between May 22, 2012 and July 17, 2012. While only the calls from May 22 through June 11, 2012 were for collection purposes with the remaining for solicitation purposes, the calls are still a violation of this

section.

61.  Defendant(s) committed **37** separate violations if this one section and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C),  given total number and frequency of violations justifies this treble award.

### FIFTH CAUSE OF ACTION AND CLAIM FOR RELIEF FOR PAYMENT OF FEES DUE BY ACCEPTANCE OF OBLIGATION BY PERFORMANCE SUBJECT TO PRIOR NOTICE BY NATIONSTAR MORTGAGE, LLC AND DOES 1-20

62.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.  Plaintiff seeks payment of fee obligations incurred by Defendant(s), and all of them,  deliberate and willful actions accepting proposal presented in advance noting such actions, as listed on Plaintiff's fee schedule, 'shall' be applicable and said fees incurred.

64.  Nationstar accepted Plaintiff's fees  without  discussion  and thereby incurred said obligation by  consent as manifested by its actions, without disputing  possible imposition of fees prior to incurring.

65.  Nationstar was subsequently billed for said incurred fees, and has failed to dispute any of the three (3) invoice billings, as required.

66.  Nationstar has accepted these fees as due and owing, as a matter of law

67.   Plaintiff is entitled to fees as Acquiescence is Acceptance. Proposed offer made, accepted by its actions.  Lack of denial plus performance is acceptance.

68.   Plaintiff is entitled to **all** applicable fees incurred and due per pre noticed fee schedule in an amount to be determined at the time of trial, plus all applicable 6% late payment fee per 30 days as clearly stated would be added, for the invoiced items only.   .

69.   Wherefore, Plaintiff requests judgment for damages against Nationstar Mortgage, LLC  and Does 1-50 all amounts consistent with Plaintiff's Fee Schedule as a proposed offer served upon Defendant prior to its actions,  at $1,000.00 per post cease and desist call, plus 6% per month late fee to date of resolution and $25,000 per CRA  omission to each of the (2) separate entities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests and prays judgment be entered against Defendant(s), and Plaintiff be awarded damages from Defendant, as follows:

a. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b. An award of statutory damages of $1,000.00 as to each and every violation of Fair Debt Collection Practices Act;

c. An award of statutory damages of $1,000.00 as to each and every violation

of California Fair Debt Collection Practices Act;

d. An award of statutory damages of $1,000.00 as to each and every violation of Fair Credit Reporting Act;

e. Statutory damages pursuant to the TCPA, $1,500.00 to Plaintiff, for each violation, given number and frequency, justify treble award;

f. Declaratory judgment that Defendant Nationstar Mortgage, LLC violated the Fair Debt Collections Practices Act, California Rosenthal Act, Fair Credit Reporting Act and Telephone Consumer Protection Act;.

g. Fees as stated and invoiced in accordance with Plaintiff's Fee Schedule, notably $1,000.00 at 20 invoiced calls plus 6% accrued late fees per month, and $25,000 for CRA omission, all in lieu of punitive damages;

h. An award for injury to Plaintiff's personal relations, as determined just by the honorable Court or jury;

i. Costs and reasonable attorneys' fees, if and when applicable, pursuant to Fair Debt Collection Practices Act;

j. Any other relief that this Honorable Court or jury deems appropriate.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiff requests a trial by jury in this case

Respectfully submitted this 30th day of July, 2013.

Linda D. Moriarity, Plaintiff in Pro Se

## VERIFICATION

I, Linda D. Moriarity, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 30th day of July, 2013, in Tehachapi, California.

_____
Linda D. Moriarity

FIRST AMENDED COMPLAINT FOR VIOLATION  FDCPA, RFDCPA, FCRA, TCPA AND FEES DUE.
WITH DEMAND FOR  JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# EXHIBIT "1"

16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR VIOLATION  FDCPA, RFDCPA, FCRA, TCPA AND FEES DUE.
WITH DEMAND FOR  JURY TRIAL

# CALL SUMMARY   NATIONSTAR  5/22 THRU 7/17/2012

| Type | Total # | TCPA | FDCPA | RFDCPA |
|------|---------|------|-------|--------|
| Auto Dialer calls –non emergency | 31 | * | | |
| Pre-Recorded Messages w/o consent | 31 | * | | |
| Calls Without Consent non emergency | 42 | * | | |
| Calls for solicitation to Modify | 31 | | | |
| Calls made after Cease and Desist | 20 | | * | * |
| Other Than Between 8AM-9PM | 1 | | * | * |

Total TCPA violations ........................................ 135

Total FDCPA call violations............................................................................ 2

Total RFDCPA call violations ...................................................................................... 2

**NATIONSTAR COLLECTION** CALL Log FROM #866-316-2432 to (661) 823-7871 Moriarity land line

**VIA "AUTO DIALER WITH RECORDED MSG TO CALL added 6/10/12.**

## 2012

5/22 @ 9:20 AM -1ST CONTACT BY NATIONSTAR AGENT 'DOE'

5/27 @ 10:41 AM AD

5/30 @ 4 pm PM  AD

5/31 @ 4:38 PM   AD

6/2 @ 1:42 PM     AD

6/3 @ 4:24 PM     AD

6/4 @ 4:22 PM     AD

6/5 SPOKE WITH TJ  AD

6/6 @ 6:56 AM SPOKE W/TJ   AD

6/6 @ 2:43 PM SPOKE W/TJ   AD

*********** Recordedmessages begin
6/10 @ 2:41 PM-AD/RM

6/11 @ 5:38 PM AD/PM

6/12 @ 11:13 SPOKE W/KELLEY MCKNIGHT FREDDIE MAC DEPT # 972 956 6247

6/13 @ 3:24 PM AD/RM

6/16 @ 2:52 PM AD/RM

6/17 @ 2:15 PM AD/RM

6/18 @ 4:44 PM AD/RM

6/19 @ 4:10 PM  AD/RM  C&D MAILED WITH VALIDATION REQUEST

6/19 @ 6:44 PM AD/RM

6/20 @ 3:10 PM AD/RM

6/22 @ 2:54 PM AD/RM

6/23   C&D Rec'd                                                  **Page 1 of 2**

**ALL CALLS "AFTER RECEIPT OF 2nd CEASE AND DESIST NOTICE'**

**ALL CALLS MADE WITH AUTO DIALER AND RECORDED MSG TO CALLED PARTY.**

**2012**

**6/23 @ 12:29 P.M.**

**6/24 @12:13 PM**

**6/25 @ 4:38 PM**

**6/26 @ 5:01 PM**

**6/29 @ 2:40 PM**

**6/30 @ 11:36 AM**

**7/1 @ 2:41 PM**

**7/2 @ 4:47 PM**

**7/3 @ 3:53 PM**

**7/5 @ 4:47 PM**

**7/6 @ 3:30 PM**

**7/7 @ 2:50 PM**

**7/8 @ 1:29 PM**

**7/10 @ 5:22 PM**

**7/11 @ 5:41 PM**

**7/12 @ 5:40 PM**

**7/14 @ 12:37 PM**

**7/15 @ 1:39 PM**

**7/16 TIME NOT LOGGED**

**7/17 @ 5:09 P     LAST CALL RECEIVE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# EXHIBIT "2"

17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR VIOLATION  FDCPA, RFDCPA, FCRA, TCPA AND FEES DUE.
WITH DEMAND FOR  JURY TRIAL

# VALIDATION DEMAND & NOTICE OF VIOLATIONS

*Linda D. Moriarity*
*c/o 27300 Buckpasser Drive*
*Tehachapi, California [93561]*

June 18, 2012

Nationstar Mortgage, LLC
Attn: Research Dept
350 Highland Drive
Lewisville, TX 75067

> **RE: New Ln # :0597158826**
> Address: 27300 Buckpasser Dr, Tehachapi, Ca 93561
> Name : Linda Moriarity

Research Dept:

I received on, June 5, 2012 your TILA/RESPA/Title 12 requirement to notify me of your assumption/purchase/acquisition of the above referenced mortgage received from Bank of America, N.A., In accordance with Title 12, you were to have had your information to me 'within 15 days' of transfer, that would have been no later than May 30, 2012. Again that is date it was to have been delivered to me and in my possession. You 'welcome' notice is dated May 31, 2012, and was mailed June 1, 2012. You are therefore in violation and have defaulted on your first Federal legal obligation. CONGRATULATIONS.

Now, as to your notice and statement of account. I fully DISPUTE this alleged debt, I dispute the alleged **total amount due**, as being **wholly incorrect**, I dispute the '**current amount due**' as likewise **wholly incorrect**. I therefore am requesting legal 'validation' which shall include a full itemized accounting that is NOT computer generated. Said validation shall include the current rate of interest you are basing your allegations of payment upon and proof of claim of same.

On the notice on behalf of Freddie Mac, a balance of $102,504.46 is alleged, however the amounts as stated constituting this amount of $92,726.77 (balance) + $5,494.67 (interest)+$34.04 (unk fees) and $1009.38 total $99,264.86 and not $102,504.46 as stated. That is a difference of $3,239.60 unidentified. Therefore your 'statement' is erroneous, invalid and wholly misrepresentative of this debt, a violation of Title 15, 1962e, 2, A and 10. Your first adjusted statement has arrived and is also incorrect.

Nationstar is further in violation of Title 15, 1962g (a), by failing to send written communication **within 5 days of first telephone contact**, which occurred on May 22, 2012 at 9:21 A.M., therefore this just received written communication was due under Title 15 no later than May 27, 2012, yet another **violation.**

I also note that your communication, while stating it is from a Debt Collector, **fails** to acknowledge or advise of **compliance with the California Rosenthal Act,** another **violation** under California law. Need I continue ? So far your Mr. McKnight has been very courteous, and I thank you for that.

Instead, I shall simply state that I demand "full LEGAL" validation, meaning sworn statement of validity and correctness signed under Penalty of Perjury by an officer of your company. Also a full accounting

This is an attempt to resolve a debt dispute, any information obtained shall be used as evidence.
NOTICE TO PRINCIPAL IS NOTICE TO AGENT  -  NOTICE TO AGENT IS NOTICE TO PRINCIPAL

# VALIDATION DEMAND  &  NOTICE OF VIOLATIONS

from August 1, 2010 to date showing all payments received.   Further be advised that the accounting you likely **received from Bank of America**, is **NOT CORRECT**, and presenting those Loan Transaction Histories as accountings shall get your company included in the fraud lawsuit that is impending. Additionally Bank of America has failed to apply the correct monthly payments they received between April 2011 and October 2011, and yes I have the copies of the received, deposited and processed checks as proof. Therefore the balance as you received it cannot be correct as it is short those six payments.  Be advised that upon receipt of a validated true and correct balance owing, I shall tender that amount in full.

Should your company decide to proceed with collection attempts, having been informed of the defects, errors, omissions and disputes still ongoing, Nationstar will by your actions and or failure to heed notice of errors, become voluntarily complicit in, but not limited to: "fraud, extortion, embezzlement" as you are now attempting to collect on a modification or refi that was never consummated, in accordance with Bank of America's own lending policies. The ONLY applicable rate is 4.50%.. And 'yes' there is a law suit regarding this issue currently pending in the Bakersfield Superior Court case number S-1500-CV-275791.  I certainly have no problem in joindering Nationstar by amended complaint just as Quality Loan Service has been noticed of same, as Assignments are not valid, thereby rights to proceed not lawful.

Additionally, until such time as Nationstar fully and legally VALIDATES this alleged 'debt' which Is and has been disputed since December 2010 without any effort of resolution by Bank of America, Nationstar is estoppeled from making any negative reports to any of the credit reporting agencies in any manner.

**CEASE and DESIST**

You are hereby noticed to 'cease and desist' your almost daily collection telephone calls. These are placed by auto dialers with a recorded message upon answering. Both violations of TCPA as well as California law on the recording.  I will NOT confirm or verify any personal information over the telephone and I do NOT contract by telephone.   Any dispute corrections or notifications shall only be accepted in writing.  However, I shall discuss the status of the filed lawsuit.

Lastly, enclosed you will find 'my fee schedule', to which any applicable fee SHALL apply to Nationstar if violated. The name LINDA MORIARITY, including all variations, is fully copyrighted, and use of it again without my express permission SHALL impose a copyright infringement fee of $5,000 as listed. And these fees are over and above those established by law under FCRA, FDCPA, Rosenthal Act, FCBA and TCPA.

Should you still have any questions, feel free to put them in writing and I shall respond as quickly as possible.  Should you wish to see proof of any statements made herein, simply ask and I shall provide copies of said documents.  I shall send a copy of the 2nd amended complaint upon filing.

Sincerely

Linda Moriarity

CC
Quality Loan Service, alleged trustee
Bank of America N.A. alleged beneficiary

Enclosure
Copy-1st amended complaint
Fee Schedule

This is an attempt to resolve a debt dispute, any information obtained shall be used as evidence.
NOTICE TO PRINCIPAL IS NOTICE TO AGENT  -  NOTICE TO AGENT IS NOTICE TO PRINCIPAL

# MY APPLICABLE FEE SCHEDULE

**Inasmuch as my time is just as valuable as yours, the follow fees are immediately applicable upon receipt and serve as expressed notice.**

**My fee schedule**, to respond and/or defend against your actions, is as follows:

1. Worthless/frivolous 1st written response 1st....................3,000.00 US dollars per item
2. Worthless/frivolous written response 2-5......................5,000.00 US dollars per item
3. Worthless/frivolous non response com over 5 . . . . . . . . 10,000.00 US dollars per item
4. Invalid verification submissions.*/frivolous 1-3***........ ...3,000.00 US dollars per item
5. Invalid Verification docs beyond 3 . . . . . . . . . . . . . . . . . . .10,000.00 US dollars per mailing
6. Written communication beyond 'dispute'.........................250.00 US dollars **per hour**
7. Failure to provide requested/demanded info/docs............. 50.00 US dollars **daily** 6-30 days
8. Calls after receipt of cease and desist notice ........................ 1,000.00 US dollars per call
9 Authorization for trespass by inspector ....................150,000.00 US dollars per incident
10 Invasion of privacy & peaceful habitation ................ 500,000.00 US dollars **per occurrence**
11 Trespass into my Personal Affairs without consent.......25,000.00 US dollars per occur
12 Taking photos without occup authorization...........100,000.00 US dollars per photo

**My fee schedule**, for crimes committed against consumer/debtor claims, are as follows:

1 .Invalid inq or Neg CRA reports........ $25,000.00 US dollars per report per account per month
2. Fraud.......................................1,000,000.00 US dollars, per party, per occurrence
3. Conspiracy to Commit Fraud.......10,000,000.00 US dollars, per party, per occurrence
4. Racketeering...........................10,000,000.00 US dollars, per party, per occurrence
5. Copyright/Trademark violations........$5,000.00 US dollars, per party, per occurrence
6. Court appearance **any cause**............100,000.00 US dollars per appearance

And as noted , the name LINDA D. MORIARITY© (and all derivatives) is now fully publically copyrighted/Trademarked and using it without expressed consent will incur a penalty as listed above.   Failure to investigate, validate or verify any dispute WILL result in a complaint being filed with the FTC and the State of California Attorney General's office under the Rosenthal Act as well as YOUR states Attorney General.

\* Invalid verification submissions fee is IN ADDITION to worthless/frivolous written response fee.
\*\* Is in ADDITION to Federal and/or state violation fines
\*\*\* Non responsive to inquiries or demands/same as 'worthless'.
\*\*\*\* Lawful Tender is gold or silver coin

Establish   October 2009
Revised January 1, 2012

Linda Moriarity

This fee schedule is applicable and applies to all listed issues contained herein and in force upon receipt.
NOTICE TO AGENT IS NOTICE TO PRINCIPAL-NOTICE TO PRINCIPAL IS NOTICE TO AGENT

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is:

17700 Armed Ct, Tehachapi, CA 93561

On June 1₿, 2012 I served by mailing via first class mail, the following document described as:

**Demand for Validation with Cease and Desist Notice and Personal Fee Schedule.**

to the following party:

**NATIONSTAR MORTGAGE CO**
**350 Highland Drive**
**Lewisville, Tx 75067**

By U.S. Mail I deposited such envelope in the mail at Tehachapi, California with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 1₿th day of June, 2012.

By: _____
Name: Ramona M. Padro

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

FIRST AMENDED COMPLAINT FOR VIOLATION  FDCPA, RFDCPA, FCRA, TCPA AND FEES DUE.
WITH DEMAND FOR  JURY TRIAL



July 27, 2012

Linda Moriarity
27300 Buckpasser Dr.
Tehachapi, CA 93561

RE: Debt Validation
   Case Reference Number – Moriarity8826

Dear Ms. Moriarity,

Nationstar Mortgage LLC (Nationstar), formerly known as Centex Home Equity Company, LLC is in receipt of your letter sent regarding your account.

First and foremost, please accept our most sincere apology for any inconvenience you have experienced during this process.  It is our goal in the Customer Care Department to make every attempt to resolve your concerns to the best of our ability in order to ensure fairness in our transactions and to our customers.

Your loan and related documents have been reviewed and they are found to comply with all state and federal guidelines that regulate them. As such, the debt, in the form of a mortgage loan, may be due accordingly and the loan account will continue to be serviced appropriate to its status.

We have enclosed the Modification Agreement you made with Bank of America extending the terms of your Balloon Note (agreement enclosed). This Modification served to raise your interest rate to 4.875% and your Principal  & Interest payments to $567.34. This agreement was not voided and appears on your Bank of America pay history starting with your August 2010 payment (see pay history enclosed). We sincerely apologize for any miscommunication received on this issue and politely reject and refute the allegations set forth in your correspondence.

At Nationstar, our customers' business and total satisfaction are very important. Should you have any further questions or concerns regarding your account, our Customer Service Department is available Monday through Thursday, 8:00 a.m. to 8:00 p.m. CDT, and 8:00 a.m. to 5:00 p.m. CDT, on Fridays. The toll-free number is 1-888-480-2432.

Sincerely,

Kurt McWhorter
Customer Care Specialist
Nationstar Mortgage, LLC
350 Highland Drive
Lewisville, TX 75067
P: 972-956-6163
F: 972-459-1678

*This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.*



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# EXHIBIT "4"

17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR VIOLATION  FDCPA, RFDCPA, FCRA, TCPA AND FEES DUE.
WITH DEMAND FOR  JURY TRIAL


May 31, 2012

62187 0000066 RE: Nationstar Mortgage LLC Loan Number: 0597158826

LINDA MORIARITY
27300 BUCKPASSER DR
TEHACHAPI CA 93561-5331

Dear LINDA MORIARITY

Welcome to Nationstar Mortgage!

We look forward to servicing your loan on behalf of FREDDIE MAC.

- Your total debt at the time of the transfer is $102,504.46. This amount includes your outstanding Unpaid Principal Balance of $92,726.77, $5,494.67 in Interest, $34.04 from Fees, and $1,009.38 from expenses paid on your behalf.

- This debt is owed to FREDDIE MAC, but is being serviced by Nationstar.

- Unless you dispute the validity of this debt, or any portion thereof, in writing within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by Nationstar.

- If you notify Nationstar in writing within this thirty (30) day period that the debt, or any portion thereof, is disputed, Nationstar will obtain verification of the debt and a copy of such verification will be sent to you.

We welcome you to Nationstar Mortgage and look forward to being your mortgage servicer.

> Mail written disputes to:
> Nationstar Mortgage LLC
> Attn: Research Department
> 350 Highland Drive
> . Lewisville, TX 75067

For Customer Service Inquiries, call toll free at 1-866-316-2432.

Sincerely,

Nationstar Mortgage LLC

_Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose._



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# EXHIBIT "5"

17
18
19
20
21
22
23
24
25
26
27
28

*Linda D. Moriarity*
*c/o 27300 Buckpasser Drive*
*Tehachapi, California [93561]*

Certified Mail #

August 7, 2012

Nationstar Mortgage, LLC
Attn: Customer Care
350 Highland Drive
Lewisville, TX 75067

> **RE: New Ln # :0597158826**
> Address: 27300 Buckpasser Dr, Tehachapi, Ca 93561
> Name : Linda Moriarity

Dear Mr. McWhorter,

I am in receipt of your letter dated July 27, 2012 along with copies of the documents you have apparently been provided by Bank of America in the Servicing agreement. And I concur the all 'appear' to be in order upon their face.

Apparently there is still some part of, 'this balloon note was cancelled' on August 9, 2010 you are not understanding. Also the fact there are at least 6 payments (and I have the cashed checks to prove it) that have not been credited, which then also means the 'Loan Transaction History' is also not correct.

However, if Nationstar prefers to take action having been previously notified the documents you are basing your decisions on are 'cancelled and void' as well as 'incorrect' as to billing amount and any alleged amounts due, they that is your choice. You have been given fair notice, of the above as well as The fact the 'assignment of Deed of Trust, and thereafter the 'substitution of trustee' are also invalid having been signed by one who has no authority to make any such assignments.

You were provided with the initially file lawsuit, which has grown somewhat since that filing. While the newly filed 2nd Amemended Complaint is in the area of 145 or so pages. For that reason I am enclosing only the first page listing my causes of action. Please note, "fraud" is among the issues at hand, which is partly based on the sale and negotiation of the 2010 Balloon Mod Refi Promissory Note. It is 'void', therefore any attempts to collect based upon its validity, have previous notice of its 'invalidity' IS FRAUD. So should you make the decision to move forward with "any" actions, being negative credit Reporting, invalid monthly statements or any other actions, then your choice has been made with full knowledge of the invalidity at issue and you shall be held liable for those actions, each and every one.

The currently filed amended complaint does list Nationstar, but as a victim having received void and invalid documents. Quality Loan Service heeded the warning, and foreclosure action has been stopped at least for now. So you may stay in the victim position and you may move to one of a joinder defendant, I shall leave that decision to you.

This is an attempt to resolve a debt dispute, any information obtained shall be used as evidence.
NOTICE TO PRINCIPAL IS NOTICE TO AGENT  -  NOTICE TO AGENT IS NOTICE TO PRINCIPAL

**Acknowledgement of Notice of Fraud**

On a different note, on June 23rd, you received my written Cease and Desist telephone collection calls,, however since that time I have received no less than 19 call, all placed by auto dialer, illegal and leaving a recorded message. You are in flagrant violation of both FDCPA, with a total statutory fine of a flat $1000, however and  TCPA, with is much kinder 'per call' fine of $500 or $1500 based on number of violations or roughly $27,500 as of now.  Of course that would be in addition to the $19,000 per 'my fee schedule' which you received at the same time, which is $1000 'per call' following receipt of said schedule. This amount as noted in the schedule is 'in addition to' and other statutory award.

So how would you like to handle this matter ?  A lump sum payment will avoid monthly late fees as noted in the attached Invoice. And yes the calls were each logged with date and time which will of course be sustained by your telephone records.

Of course I have not yet addressed the possibility of negative reporting which may be on my credit history, I have not had time to check. However, IF that is the case, my fee is listed and is most assuredly applicable and is likewise per occurrence.  And when this suit is sustained, the fine from FCRA is based on months  the matter remained on the credit history.

Therefore, I do believe I have given you sufficient warning on all issues, so any claim of no prior knowledge will not hold before a judge.      You might want to give some additional consideration the information contained herein, as Nationstar has some serious considerations to ponder.

Should you have any questions, feel free to place them in writing and I shall respond as quickly as possible.


Sincerely

Linda Moriarity


Enclosures (2)

2nd Amended Complaint facepage
Applicablc cancellation notices (2)

## Acknowledgement of Notice of Fraud

*Linda Moriarity*
*c/o 27300 Buckpasser Drive*
*Tehachapi, California [93561]*

## INVOICE #120807-1

August 7, 2012

Nationstar Mortgage
350 Highland Drive
Lewisville, TX 75067

Dear Mr. Whorter;

RE: Case Ref # Moriarity8826

Having previously been noticed for the applicable fees for actions beyond receipt of fee schedule, and failing to take notice of same, the following fees apply;

- 19 Collection calls following receipt of Cease and Desist @ $1000 per call.......$19,000.00

**TOTAL AMOUNT NOW DUE………………………..……..$19,000.00**

Please pay promptly to avoid a late payment fee assessed every 30 days there is an outstand balance and is based on that unpaid amount, whether billed or not. This invoice shall be 'past due' if not paid on or by **September 12, 2012**, with an applicable late fee of $1,900 being applied.

Payment may be sent to the address as given above and may be corporate check or cashiers' check. Again, timeliness will avoid the late fee.

This invoice was prepared and is verified correct by Linda Moriarity Should you wish validation please request same in writing within 30 days.

Linda Moriarity

This invoice is deemed valid and accepted if uncontested within 30 days, by certified mail.

This is an attempt to resolve a debt dispute, any information obtained shall be used as evidence.
NOTICE TO PRINCIPAL IS NOTICE TO AGENT  -  NOTICE TO AGENT IS NOTICE TO PRINCIPAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# EXHIBIT "6"

17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR VIOLATION  FDCPA, RFDCPA, FCRA, TCPA AND FEES DUE.
WITH DEMAND FOR  JURY TRIAL

## Account History

**At-a-glance viewing of your payment history**

| | | OK | 30 | 60 | 90 | 120 | 150 | PP | R | CO |
|---|---|---|---|---|---|---|---|---|---|---|
| Not Open | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late | 150+ days late | Payment plan | Repossession foreclosure | Collection Chargeoff |

**Real Estate Accounts:** Primary and secondary mortgages on your home

### NATIONSTAR
More about this account >>

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | 59715**** | | 59715**** |
| Condition: | Derogatory | | Open |
| Balance: | $92726 | | $92726 |
| Type: | Conventional real estate mortgage | | Real estate mortgage |
| Pay Status: | Late 120 Days | | Late 120 Days |

**Two-Year payment history**    Legend >>

TransUnion                                                                  120
mar apr may jun jul aug sep oct nov dec '12 feb mar apr may jun jul aug sep oct nov dec '13 feb

Experian        **NONE REPORTED**

Equifax                                                                     120
mar apr may jun jul aug sep oct nov dec '12 feb mar apr may jun jul aug sep oct nov dec '13 feb

### BK OF AMER
More about this account >>

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | 2208**** | 2208**** | 2208**** |
| Condition: | Open | Transferred | Open |
| Balance: | $92726 | $0 | $92726 |
| Type: | Conventional real estate mortgage | Conventional real estate mortgage | Real estate mortgage |
| Pay Status: | Late 120 Days | Late 30 Days | Late 120 Days |

**Two-Year payment history**    Legend >>

TransUnion OK OK OK OK OK OK 30   90   120   120 120 120
mar apr may jun jul aug sep oct nov dec '11 feb mar apr may jun jul aug sep oct nov dec '12 feb

Experian
may jun jul aug sep oct nov dec '12 feb mar apr may jun jul aug sep oct nov dec '13 feb mar apr

Equifax  30   90   120   120 120 120 120
apr may jun jul aug sep oct nov dec '11 feb mar apr may jun jul aug sep oct nov dec '12 mar

### GREENPNT MTG
More about this account >>

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | 480008194**** | 480008194**** | 480008194**** |
| Condition: | Transferred | Transferred | Transferred |
| Balance: | $0 | $0 | $0 |
| Type: | Conventional real estate mortgage | Conventional real estate mortgage | Real estate mortgage |
| Pay Status: | Current | Current | Current |

**Two-Year payment history**    Legend >>

TransUnion OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK
dec '07 feb mar apr may jun jul aug sep oct nov dec '08 feb mar apr may jun jul aug sep oct nov

Experian OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK
'07 feb mar apr may jun jul aug sep oct nov dec '08 feb mar apr may jun jul aug sep oct nov dec

Equifax
dec '07 feb mar apr may jun jul aug sep oct nov dec '08 feb mar apr may jun jul aug sep oct nov

### WFHM
More about this account >>

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | 685564**** | 685564**** | |
| Condition: | Closed | Paid | |
| Balance: | $0 | $0 | |
| Type: | FHA real estate mortgage | FHA real estate mortgage | |
| Pay Status: | Current | Current | |

Linda D. Moriarity
c/o 27300 Buckpasser Drive
Tehachapi, California 93561
661-823-7871
Plaintiff In Pro Se

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA FRESNO
**BAKERSFIELD DIVISION**

| | |
|---|---|
| **LINDA D. MORIARITY,** | CASE NO.: 1**:13-cv-00855-AWE-SIMS** |
| Plaintiff, | |
| vs. | **PROOF OF SERVICE** |
| NATIONSTAR MORTGAGE, LLC | |
| And DOES 1-20 Inclusive | |
| Defendants. | |

I, Ramona M. Padro, declare as follows:

My address is 17700 Armed Court, in Tehachapi, California, which is located in Kern County where this mailing below took place.

On July 30, 2013, I served the following documents:

**FIRST AMENDED COMPLAINT FOR VIOLATION OF FDCPA, RFDCPA, FCRA, TCPA AND FEES DUE** (Defendant has never been served)

on all the interested parties in this action, by placing a true and correct copy

1

thereof into a first class postage prepaid envelope, sealing and deposited said envelope in the US Mail at Tehachapi, California addressed to:

1.   Serverson and Werson

19100 Von Karman Ave, Ste 700

Irvine, CA 92612

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 30, 2013 at Tehachapi, California.

Ramona M. Padro

2

Proof of Service