1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA D. MORIARITY, | Case No. 1:13-cv-00855-AWI-SMS |
| Plaintiff, | ORDER DISMISSING CLAIMS, ALLOWING PLAINTIFF TO PROCEED ON REMAINING CLAIMS, AND SETTING FORTH PROCEDURE FOR SERVICE OF DEFENDANT NATIONSTAR |
| v. | |
| NATIONSTAR MORTGAGE, LLC, and DOES 1-20, | |
| Defendants. | |

On June 5, 2013, Plaintiff Linda D. Moriarity ("Plaintiff"), proceeding *in forma pauperis*, filed a complaint against Defendants Nationstar Mortgage, LLC ("Nationstar") and Does 1-10. She alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; California's version of this law, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), California Civil Code § 1788 *et seq*.; and the Telephone Consumer Protection Act ("TCPA"), 47 USC § 227. On July 3, 2013, the Court dismissed the complaint without prejudice. Doc. 6. Although she had stated cognizable claims under the FDCPA and RFDCPA, she had not adequately pled a violation of the TCPA.

On July 31, Plaintiff filed her First Amended Complaint. Doc. 10. In addition to her original three claims, the FAC pleads two new claims: for violations of the Fair Debt Reporting Act ("FCRA"), 15 U.S.C. § 1681, and for what Plaintiff terms an "obligation of fees due Plaintiff," reflecting fees that Nationstar allegedly owes her arising from a "fee schedule" that she put together.

1

1  For the reasons below, the Court dismisses with prejudice Plaintiff's two new claims. She

2  may proceed on her remaining claims. No further amendments to the complaint will be permitted.[1]

3  ## I.       Screening Standard

4  Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma*

5  *pauperis* or by prisoners. *Lopez* at 1129. The Court must dismiss the complaint or any portion of it

6  that is "frivolous," "malicious," "fails to state a claim upon which relief may be granted," or "seeks

7  monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

8  A complaint is frivolous "when the facts alleged rise to the level of the irrational or the

9  wholly incredible, whether or not there are judicially noticeable facts available to contradict them."

10  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint is malicious if not pled in good faith.

11  *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint's failure to state a claim

12  is defined in Fed.R.Civ.P. 12(b)(6), in that it does not satisfy the pleading standards in Fed.R.Civ.P.

13  8. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). This screening for failure to state a claim is

14  cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may

15  choose to bring. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1120 (S.D. Cal. 2007).

16  ## II.      Pleading Standards

17  Under Fed. R. Civ. P. 8(a), a pleading that states a claim for a relief must include a statement

18  demonstrating the Court's jurisdiction, "a short and plain statement of the claim showing the pleader

19  is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative

20  or different types of relief." It must give the defendant fair notice of the claims against him and state

21  their elements plainly and succinctly. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th

22  Cir. 1984); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

23
24  > The pleading standard Rule 8 announces does not require detailed factual allegations, but
   > it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A
   > pleading that offers labels and conclusions or a formulaic recitation of the elements of a
   > cause of action will not do. Nor does a complaint suffice if it tenders naked assertions
25 > devoid of further factual enhancement. … [¶] [A] complaint must contain sufficient
   > factual matter, accepted as true, to … allow[] the court to draw the reasonable inference
26 > that the defendant is liable for the misconduct alleged.

27

28  [1] Separately, Plaintiff filed a motion on July 31, 2013 to transfer her case to Bakersfield. Doc 9. Defendant should respond to this motion and Plaintiff may then reply. Although a hearing on the motion is scheduled for September 11, 2013 (*see* doc. 13), the Court anticipates deciding the issue without a hearing.

1   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

2   Although a court assumes the truth of well-pled factual allegations, legal conclusions are not entitled

3   to the same assumption of truth. *Id*.

4          If the Court determines that the complaint fails to state a cognizable claim, the Court may

5   grant leave to amend to the extent the deficiencies can be cured. *Lopez* at 1127-28 (the "rule favoring

6   liberality in amendments to pleadings is particularly important for the *pro se* litigant") (*quoting Noll*

7   *v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987)). Only if it is "absolutely clear" that the deficiencies

8   could not be cured by amendment should the Court dismiss a *pro se* complaint with prejudice. *Noll*

9   at 1448.

10  **III.     Allegations**

11         Plaintiff lives in Kern County. FAC at ¶2. On or about April 23, 2012 (the original complaint

12  said April 28), Plaintiff was notified in writing by Bank of America, N.A., that effective May 15,

13  2012, Nationstar Mortgage would be assigned as the new servicer of a mortgage originated in 2003.

14  ¶16. According to this notice, collection of all payments and other collection activities would be by

15  Nationstar on behalf of the owner. ¶16. Plaintiff never had any prior business relationship with

16  Nationstar. ¶17. In her FAC, she adds—without any substantiation—that "there is sufficient

17  evidence to support the fact the assignments by BANA have been forged, legally leaving both

18  BANA and Nationstar without any authority." ¶16.

19         Between May 22, 2012 and July 17, 2012, Nationstar placed a total of 42 telephone

20  collection calls to Plaintiff's home telephone. ¶¶18, 20. Of these, 37 were placed by an automated

21  dialer, and 31 left a voice or prerecorded message to call a number to discuss an important matter.

22  ¶21-22. Many calls were primarily from a single common 866 number; others were placed from a

23  972 Texas number. ¶25-26. Plaintiff alleges that the sole purpose of these calls, made almost daily,

24  was to harass and annoy her (although she also states that the calls were placed "for no other reason

25  than debt collection." ¶43-44.). The FAC adds that under her phone plan, Plaintiff must pay for any

26  calls exceeding 30 per month. ¶21.

27         Plaintiff has documented each call in Exhibit 1 to the FAC. She also indicates the details of

28  certain calls or other incidents which caused her special concern. Nationstar first sent her a right-to-

1   dispute letter on May 31, 2012, nine days after the initial telephone contact. (Plaintiff includes this

2   letter as Exhibit 4 to her FAC. In it, Nationstar informed Plaintiff of her total mortgage debt at the

3   time of the transfer, consisting of unpaid principal balance, interest, fees, and expenses paid on her

4   behalf.) On June 6, 2012, Nationstar called her before 8:00 A.M. On June 19, 2012, Plaintiff sent a

5   written dispute letter including a request to cease future collection calls. (Plaintiff includes her letter

6   as Exhibit 2 to her FAC.) Nevertheless she received 20 further calls between June 23 and July 17,

7   2012. The FAC contains new material elaborating on these allegations. ¶¶22-27, ¶¶30-31, ¶¶35-45.

8   This includes an allegation that, in November 2012, an employee or agent of Nationwide "made a

9   derogatory report to two Consumer Reporting Agencies for October 2012, willfully failing to also

10  report the matter as disputed." ¶41.

11      The Court again takes judicial notice of the four exhibits that Defendant has filed with its

12  motion to dismiss. As relevant here, the fourth exhibit is a Notice of Default dated October 20, 2011

13  and recorded in the Official Records of the Kern County Recorder's Office on October 21, 2011.

14  **IV.**   **Analysis**

15      **A.**   **Doe Defendants**

16      Plaintiff's filed her original complaint against Nationstar and Does 1-10. The Court observed,

17  however, that the body of her complaint alleged violations only by Nationstar. The Court's screening

18  order instructed Plaintiff that if she wished to sue a defendant—"Doe" or otherwise—she must

19  include that defendant in the caption of her complaint and refer to him in connection with each of the

20  causes of action that he is responsible for. Then, in the body of that cause of action, she must specify

21  what he did to make him responsible.

22      In the FAC. Plaintiff has amended the caption to include Does 1-20, and each cause of action

23  now does the same. The narrative portion of the complaint refers to the Doe defendants in general

24  terms, in most cases not identifying to them by number, but indicating generally that Plaintiff is

25  suing unknown individuals who placed calls to her, or who spoke to her when she answered calls

26  placed by autodialers, or who mishandled reports to credit reporting agencies.

27      Liability under the TCPA apparently extends to employees. *See* 47 U.S.C § 227 (unlawful for

28  "any person within the United States ... to make any call ..."). The law is currently undecided

4

1  whether individual employees may be liable either under the FDCPA or RFDCPA, but there are

2  district courts in this circuit that have extended liability to employees. *See Robinson v. Managed*

3  *Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009) (acknowledging legal

4  uncertainty but concluding that employees are "debt collectors"); *Weakley v. Redline Recovery*

5  *Servs., LLC*, 723 F. Supp. 2d 1341, 1345 (S.D. Cal. 2010).

6  **B.      Claims**

**1.      Plaintiff's Claim for "Relief for Payment of Fees Due by Acceptance of**
7  **Obligation by Performance Subject to Prior Notice"**

8  Exhibit 2 to the FAC includes a "fee schedule" in which Plaintiff sets forth amounts that she

9  will charge persons for a range of activities—for example, a fee of $1,000.00 for "calls after receipt

10  of cease and desist notice" (per occurrence), and a fee of $25,000.00 to "trespass into my Personal

11  Affairs without consent" (per occurrence). She alleges that Nationstar

12  accepted Plaintiff's fees without discussion and thereby incurred said obligation by
13  consent as manifested by its actions, without disputing possible imposition of fees prior
to incurring. ... Acquiescence is Acceptance. Proposed offer made, accepted by its
14  actions. Lack of denial plus performance is acceptance.

There is no legal theory under which Plaintiff's "fee schedule" has any legal force. The Court
15
dismisses this claim, and any claim for damages arising from Plaintiff's fee schedule, with prejudice.
16
**2.      Fair Credit Reporting Act**
17
The FAC alleges another new claim, a violation of the Fair Debt Reporting Act ("FCRA"),
18
19  15 U.S.C. § 1681s-2(a)(3). The statute provides:

20  If the completeness or accuracy of any information furnished by any person to any
consumer reporting agency is disputed to such person by a consumer, the person may not
21  furnish the information to any consumer reporting agency without notice that such
information is disputed by the consumer.

22  Plaintiff cannot proceed with this claim. "A claim for violation of this requirement can be pursued

23  only by federal or state officials, and not by a private party." *Gorman v. Wolpoff & Abramson, LLP*,

24  584 F.3d 1147, 1162 (9th Cir. 2009).

25  **3.      Fair Debt Collection Practices Act**

26  Under the FDCPA, debt collectors are prohibited "from making false or misleading

27  representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514

28  U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). To

establish a violation of the FDCPA, Plaintiff must show: (1) she was a consumer (2) who was the

object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt

collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the

FDCPA. *Miranda v. Law Office of D. Scott Carruthers,* 2011 U.S. Dist. LEXIS 55180, at \*11 (E.D.

Cal. May 23, 2011), *citing Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004).

As set forth in the previous screening order, Plaintiff adequately alleges that she is a

consumer within the meaning of the FDCPA,  that she was the object of a collection activity arising

from a consumer debt, and that Nationstar engaged in acts or omissions prohibited by the FDCPA.

Her FAC further refers, in general terms, to "Doe" employees who engaged in these violations.

Finally, as the Court previously explained, she has adequately alleged that Nationstar (and

the employees) are "debt collectors" as defined by the Act. This is so because Plaintiff's debt was

"not in default at the time it was obtained." 15 U.S.C.1692a(6)(F)(iii). In her FAC, Plaintiff actually

denies that that her loan was in default and that its assignment to Nationstar Mortgage was valid

("there is sufficient evidence to support the fact the assignment by BANA have been forged").

Nevertheless, Plaintiff has the right to plead in the alternative, and she appears to do so. *See* FAC at

2 (Nationstar "obtained alleged possession by assignment 'after' it was deemed 'in default'"). The

Court also notes the judicially noticed exhibits supplied by Defendant which show that the debt was

in default when Nationstar obtained it. Therefore, Plaintiff has alleged a cognizable claim against

Nationstar and Doe defendants under the FDCPA.

### 4.      Rosenthal Fair Debt Collection Practices Act

The RFDCPA, "like its federal counterpart, is designed to protect consumers from unfair and

abusive debt collection practices." *Robinson v. Managed Accounts Receivable Corp.*, 654 F.Supp.2d

1051, 1060 (C.D. Cal. 2009), citing Cal. Civ. Code § 1788.1. Among other provisions, the RFDCPA

incorporates the provisions of the FDCPA. As a result, a violation of the FDCPA is a violation of the

RFDCPA. *See, e.g., Hosseinzadeh v. M.R.S. Assoc.*, 387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005);

*Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005).

As explained in the Court's previous order, Plaintiff has stated several valid claims under the

RFDCPA, including those recapitulating her claims under the FDCPA.

1

**5.        Telephone Consumer Protection Act**

2        Broadly, the TCPA seeks to prevent unsolicited telephone calls from telemarketers and

3    restricts the use of automated telephone equipment. *See generally* 47 U.S.C. § 227. Congress enacted

4    the TCPA to "protect the privacy interests of residential telephone subscribers by placing restrictions

5    on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by

6    restricting certain uses of facsimile ([f]ax) machines and automatic dialers." *See* S. Rep. No. 102-178

7    at 1 (1998), *reprinted in* 1991 U.S.C.C.A.N. 1968.

8        The FAC claims a violation of the provision of the TCPA which makes it

9
unlawful for any person within the United States, or any person outside the United States
10
if the recipient is within the United States – (A) to make any call (other than a call made
for emergency purposes or made with the prior express consent of the called party) using
any automatic telephone dialing system or an artificial or prerecorded voice – . . . (iii) to
11
any telephone number assigned to a paging service, cellular telephone service,
specialized mobile radio service, or other radio common carrier service, or any service
12
for which the called party is charged for the call.

13    47 U.S.C. § 227(b)(1)(A)(iii). To state a claim under this provision, a plaintiff must plead "that

14    Defendant made the call; Plaintiff was charged for the call; and the call was made using any

15    automatic telephone dialing system or an artificial or prerecorded voice." *Knutson v. Reply!, Inc.*,

16    2011 WL 291076, *1 (S.D. Cal. Jan. 27, 2011).

17        In its previous screening order, the Court observed that Plaintiff had not alleged that that the

18    calls were made to "any service for which the called party is charged for the call." Now, Plaintiff

19    clarifies that she subscribes to "California Lifeline telephone service, under a limited use plan of 30

20    per month. Any calls which exceed that monthly call allowance incurs a 'per call fee' that Plaintiff

21    must pay." FAC at ¶21. These allegations satisfy this remaining element. Plaintiff has properly

22    alleged a claim under TCPA against Nationstar and Doe defendants.

23    **V.        Conclusion**

24        Plaintiff states cognizable claims under FDCPA, RFDCPA, and TCPA. The remaining

25    claims in the FAC, under FCRA and for "fees," are dismissed with prejudice.

26        The Clerk of Court will send Plaintiff a service packet including the FAC (Doc. 10), this

27    Order, a Notice of Submission of Documents form, an instruction sheet, and a copy of summons and

28    USM·285 forms for Defendant Nationstar. Within 30 days of the date of filing of this Order, Plaintiff

must complete and return to the Clerk of Court the Notice of Submission of Documents form. Plaintiff must submit with the Notice of Submission of Documents each of the following: a copy of the Complaint for Defendant, a copy of this Order, a completed summons for Defendant, and a completed USM-285 for Defendant. Plaintiff must not attempt service on Defendant and must not request waiver of service.

Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant. If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice. See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

   Dated:   **August 14, 2013**                    **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE