# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant") hereby submits the following memorandum of points and authorities in support of its motion to dismiss the third, fourth, and fifth causes of action in Plaintiff Linda D. Moriarity's ("Plaintiff") First Amended Complaint ("FAC").

## II. STATEMENT OF FACTS

On July 21, 2003, Plaintiff obtained a loan for $108,000, secured by a deed of trust ("Deed of Trust") against the real property located at 27300 Buckpasser Drive, Tehachapi, California 93561 (the "Property"). (Request for Judicial Notice "RJN" Ex. 1.) On June 13, 2011, the beneficial interest in the Deed of Trust was assigned to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. (RJN Ex. 2.) On or about October 16, 2011, Quality Loan Service Corporation was substituted as trustee under the Deed of Trust. (RJN Ex. 3.) On October 21, 2011, a notice of default was recorded against the Property. (RJN Ex. 4.)

On or about April 23, 2012, Nationstar acquired the servicing rights to the Loan from Bank of America (Compl. ¶ 14.) Nationstar made numerous telephone calls to Plaintiff's residential telephone attempting to collect on the underlying debt. (Compl. ¶ 17.) Nationstar made many of the calls using an automated dialer. (*Id.*)

## III. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may challenge the sufficiency of the statement of the claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a Rule 12(b)(6) motion, the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009); *see also Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 496 (8th Cir. 2009). It need not, however, "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555.

In addition to the facts set forth in the Complaint, matters that are properly the subject of

1 judicial notice may also be considered when deciding a motion to dismiss for failure to state a
2 claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). In fact, the court can
3 disregard allegations in the complaint if such allegations are contradicted by facts which may be
4 judicially noticed by the court. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d
5 1016, 1021-22 (9th Cir. 2007). One example would be the court's consideration of matters of
6 public record. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

7 Accepting only the factual allegations set forth in a plaintiff's complaint as true, the court
8 must decide if plaintiff is entitled to some form of legal remedy. *Twombly,* 550 U.S. at 555.
9 Granting a Rule 12(b)(6) motion to dismiss is proper where there is either a lack of a cognizable
10 legal theory or the absence of sufficient facts to support a cognizable legal theory. *Balistreri v.*
11 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter*
12 *Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). A dismissal will also be proper if a complaint
13 is vague, conclusory and fails to set forth material facts in support of the allegations. *Northstar*
14 *Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

15 **IV.  DISCUSSION**

16 **A.   Plaintiff Has Not Stated A Claim Under The Fair Credit Reporting Act**

17 Plaintiff's third cause of action alleges Nationstar violated the Fair Credit Reporting Act,
18 15 U.S.C. § 1681 et seq. ("FCRA") because a Doe Defendant did not report to Equifax and
19 Transunion, two credit reporting agencies ("CRA") that the alleged debt was disputed. (FAC ¶
20 57.) Specifically, Plaintiff alleges Nationstar violated section 1681s-2(a)(3). (*Id.*)

21 Plaintiff's claim fails, however, because there is no private right of action for violations of
22 section 1681s-2(a). As the Ninth Circuit explained "§ 1681s-2 limits this private right of action to
23 claims arising under subsection (b) . . . . Duties imposed on furnishers under subsection (a) are
24 enforceable only by federal or state agencies. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d
25 1147, 1155 (9th Cir. 2009); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60
26 (9th Cir. 2002); 15 U.S.C. § 1681(d). Plaintiff's claim under section 1681s-2(a)(3) accordingly
27 fails as a matter of law and should be dismissed with prejudice.

28 Further, Plaintiff alleges that the credit reporting was made by a "Doe" defendant. (FAC ¶

57.) Plaintiff does not allege Nationstar took any action to violate the FCRA.  Plaintiff has accordingly failed to allege any misconduct on the part of Nationstar, and the claim fails for that separate reason.

**B.     Plaintiff Has Not Stated A Claim Under The Telephone Consumer Protection Act**

Plaintiff alleges Nationstar violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") by using an autodialer to place calls to Plaintiff's home telephone for debt collection purposes.  (FAC ¶¶ 26-28.)  Plaintiff also alleges Defendant placed calls leaving pre-recorded messages instructing Plaintiff to call Nationstar back at an 800 number.  (FAC ¶¶ 22-23, 31.)  Upon calling Nationstar back, Plaintiff alleges that Nationstar attempted to discuss a loan modification with Plaintiff.  (FAC ¶ 23.)

Plaintiff's TCPA claim fails for several reasons.  First, Plaintiff has not alleged a violation of section 227(b)(1)(A) because she has not alleged she was charged for incoming calls to her home landline.  Second, debt collection calls are specifically exempted from the TCPA, as are calls from a loan servicer informing a borrower to call back to discuss the serviced loan.  Finally, the alleged calls from Nationstar are exempted from the TCPA because Nationstar was servicing Plaintiff's loan and there was an existing business relationship between Plaintiff and Defendant.

**1.     Plaintiff Has Not Alleged a Violation of Section 227(b)(1)(A)**

Plaintiff alleges that Nationstar's telephone calls violated 47 U.S.C. § 227(b)(1)(A)(iii) because Plaintiff subscribes to California Lifeline telephone service under a limited use plan of 30 per month.  (FAC ¶ 21.)  Section 227(b)(1)(A) applies to cellular telephones where the called party is charged for the placed call.  Section 227(b)(1)(A)(iii) prohibits automated calls to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 U.S.C. § 227(b)(1)(A)(iii).  While Plaintiff alleges she subscribes to California Lifeline telephone service under a limited use plan, she has not alleged that she is charged **for incoming calls** made to her telephone.  Section 227(b)(1)(A)(iii) only applies to calls made to a telephone number where the called party is charged for the incoming call.  *Knutson v. Reply!, Inc.*, 2011 WL 591076, *1 (S.D. Cal. Jan. 27, 2011).

1    Accordingly, Plaintiff has not stated a claim under section 227(b)(1)(A)(iii) because she

2 has not alleged she was charged for the incoming telephone calls made to her landline.

3    **2.    Plaintiff Has Not Alleged a Violation of Section 227(b)(1)(B)**

4    Although not specifically stated, Plaintiff also appears to allege Nationstar violated section

5 227(b)(1)(B) by using a pre-recorded message for debt collection purposes, including calls

6 informing Plaintiff to call Nationstar back to discuss a possible loan modification.  (FAC ¶ 22, 23.)

7 Plaintiff's claims under section 227(b)(1)(B) fail because calls made for debt collection purposes

8 are specifically exempt from the TCPA, and because there was an existing business relationship

9 between Nationstar and Plaintiff.

10        **(a)    Pre-Recorded Debt Collection Calls Are Exempt From The TCPA**

11    Section 227(b)(1)(B) provides that it is unlawful to "initiate any telephone call to any

12 residential telephone line using an artificial or prerecorded voice to deliver a message without the

13 prior express consent of the called party, **unless the call . . . is exempted by rule or order by the**

14 **[FCC] under paragraph (2)(B)**." (emphasis added).  Section 227(b)(2)(B) provides that the FCC

15 may exempt from the requirements of section 227(b)(1)(B), among other things, "calls that are not

16 made for a commercial purpose," and calls that are made for a commercial purpose but "do not

17 include the transmission of any unsolicited advertisement."  *Id.*

18    Utilizing their statutory authority, the FCC implemented regulations specifically

19 exempting pre-recorded messages to residential lines if the call "[i]s made for a commercial

20 purpose but does not include or introduce an advertisement or constitute telemarketing."  47

21 C.F.R. § 64.1200(a)(3)(iii).  In 1995 the FCC issued a Memorandum Opinion and Order and

22 specifically ruled that pre-recorded debt collection calls were exempt under the TCPA.  The FCC

23 held:

24    > As we stated in the Report and Order, prerecorded debt collection
   > calls are adequately covered by exemptions adopted in our rules.
25    > Our rules explicitly exempt calls made either by a party with whom
   > the subscriber has an established business relationship or calls that
26    > do not transmit an unsolicited advertisement and are made for a
   > commercial purpose. . . .  **We have specifically noted that**
27    > **"prerecorded debt collection calls [are] exempt from the**
   > **prohibitions on [[[prerecorded] calls to residences** as …
28    > commercial calls … which do not transmit an unsolicited

11951.0037/2932501.2                          4                    Case No. 1:13 cv 00855 AWI SMS
                                                                   Memorandum of Points and Authorities

advertisement."

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12400 (1995), 1995 WL 464817, ¶ 17 (F.C.C. 1995) (emphasis added) (modifications in original).

Here, Plaintiff has alleged that Nationstar used pre-recorded messages in calls placed to her residential telephone for collection of debt on Plaintiff's residential mortgage loan. (FAC ¶ 18.) Accordingly, the alleged calls made by Nationstar are specifically exempt under the TCPA. Plaintiff has therefore failed to state a cause of action under the TCPA and the claim should be dismissed with prejudice.

### (b) Calls Advising Plaintiff To Call Nationstar Back Regarding Plaintiff's Loan Are Exempt

Plaintiff alleges Nationstar violated the TCPA by calling and leaving messages that Plaintiff should call Nationstar back at an 800 number to discuss an important matter. (FAC ¶ 22.) Plaintiff alleges after calling back, she learned that the important matter was to discuss a loan modification. (FAC ¶ 23.)

As with debt collection calls, informational calls informing a borrower to call their loan servicer to discuss their loan are exempt from the TCPA. As stated above, the FCC specifically exempted autodialed or pre-recorded calls to landlines where the call "[i]s made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing." 47 C.F.R. § 64.1200(a)(3)(iii). Here, Nationstar's alleged calls informing Plaintiff to call Nationstar back are exempt as the calls do not introduce any advertisement, or constitute telemarketing or solicitation.

Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person. 47 CFR § 64.1200(f)(10). Telephone solicitation is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4). An unsolicited advertisement under the TCPA "means any material advertising the commercial

availability or quality of any property, goods, or services . . . ." 47 U.S.C. § 227(a)(5). The FCC clarified that "[i]f a call is intended to offer property, goods, or services for sale either during the call, or in the future . . . that call is an advertisement." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14098, 2003 WL 21517853, ¶¶ 140-142 (F.C.C. 2003). The Ninth Circuit has further found that calls that encourage the listener to make future purchases constitute an advertisement, even if the call itself does not explicitly reference any property, good, or service. *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012).

Here, Plaintiff alleges Nationstar placed calls to Plaintiff's landline informing Plaintiff to call Nationstar back at a toll free number. (FAC ¶¶ 22, 23.) Upon calling Nationstar back, Plaintiff alleges she was "invit[ed] and encourage[ed]" to apply for a loan modification. (FAC ¶ 23.)

The alleged calls were not made to encourage Plaintiff to purchase any good or service. The alleged calls were purely informational and merely requested that Plaintiff call her loan servicer back to discuss "an important matter." (FAC ¶ 22.) Because the calls were not made in an attempt to encourage plaintiff to purchase any good or service, the calls did not constitute an advertisement, solicitation, or telemarking. Accordingly, the alleged calls are exempt under the TCPA. 47 C.F.R. § 64.1200(a)(3)(iii).

Further, and importantly, Nationstar, as a mortgage servicer, is statutorily required to call a defaulting borrower "in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5. The stated purpose of the requirement is to ensure that "borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure." Cal. Civ. Code § 2923.4.

Nationstar was statutorily required to call Plaintiff in order to assess and explore her financial situation. Plaintiff alleges that the calls merely requested Plaintiff to call Nationstar back to discuss an important issue, which turned out to be a loan modification; a discussion Nationstar

1  was required to have with Plaintiff under California law.  Further, the alleged calls were requests
2  that Plaintiff call Nationstar back, and are not alleged to contain any advertisement at all,
3  including any "advertisement" for a loan modification.  Indeed, Plaintiff admits as much stating
4  the "solicitation" that Plaintiff apply for a loan modification occurred only after Plaintiff returned
5  the call as requested.  (FAC ¶ 31.)

6  Accordingly, Plaintiff has not alleged that the calls by Nationstar contained any
7  advertisement or solicitation.  The call was a request by a mortgage servicer to a borrower to call
8  back in order to discuss foreclosure alternatives; a discussion Nationstar was required to have
9  under California law.  Cal. Civ. Code § 2923.5.  Plaintiff has therefore failed to a state a claim
10  under section 227(b)(1)(B) and the claim should be dismissed with prejudice.

### (c) There was an Established Business Relationship Between Plaintiff and Nationstar

Finally, Nationstar, as the servicer of Plaintiff's loan, was in an established business relationship with Plaintiff, and is therefore exempt.  The FCC exempted from the TCPA's statutory prohibition against prerecorded calls any call "made to any person with whom the caller has an established business relationship at the time the call is made[.]"  47 C.F.R. 64.1200(a)(2)(iv).  The FCC has noted that "all debt collection circumstances involve a prior or existing business relationship."  *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd 8752, 8771-72, 1992 WL 690928, ¶ 36 (F.C.C. 1992); *Meadows v. Franklin Collection Service, Inc.*, 414 Fed.Appx. 230, 235 (11th Cir. 2011).

Accordingly, because Plaintiff admits Nationstar was her loan servicer at the time the alleged calls were made, Nationstar is exempt under the TCPA.  (FAC ¶¶ 16, 17.)  Plaintiff admits that she was informed of the change in servicing both by her prior servicer, Bank of America, and by receipt of a notice of assignment in April 2012.  (FAC ¶ 16, 17.)  Nationstar was therefore in an established business relationship with Plaintiff and the calls are exempted under the TCPA.  Plaintiff's claim accordingly fails, and this cause of action should be dismissed with prejudice.

### C. Plaintiff Has Not Stated A Claim For "Payment of Fees Due By Acceptance of Obligation by Performance Subject to Prior Notice"

Plaintiff's fifth cause of action for "Payment of Fees" fails because no such cause of action

exists. Plaintiff alleges that Nationstar "accepted Plaintiff's fees" and "thereby incurred said obligation by consent. . . ." (FAC ¶¶ 63, 64.) Plaintiff's cause of action is premised on a "Fee Schedule" Plaintiff attached to correspondence to Nationstar on or about June 18, 2012, and incorporated into the FAC, and well as an invoice sent to Nationstar (FAC Exs. 2, 5.) Plaintiff alleges that Nationstar accepted Plaintiff's fee schedule in accordance with Cal. Civ. Code § 1584, and that Nationstar is estopped from denying the "accepted proposal" under Cal. Civ. Code § 1586. (FAC ¶ 38-39.) Plaintiff's claim is entirely off-base and should not be entertained by this Court.

### 1. Plaintiff's Fifth Cause of Action Does Not Meet The Rule 8 Pleading Requirements

Plaintiff's fifth cause of action is insufficient under Rule 8 of the Federal Rules of Civil Procedure ("FRCP"). Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." (FRCP Rule 8(a)(2).) Where a plaintiff has not pled enough facts to state a claim for relief that is plausible on its face, a district court should grant a motion to dismiss. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 555, 570 (2007). Further, granting a Rule 12(b)(6) motion to dismiss is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). A dismissal will also be proper if a complaint is vague, conclusory and fails to set forth material facts in support of the allegations. *Northstar Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

Here, Plaintiff's fifth cause of action does not meet the pleading standards required under FRCP Rule 8. The claim is not plausible on its face and is not premised on any cognizable legal theory. Accordingly, Plaintiff's fifth cause of action should be dismissed with prejudice.

### 2. Plaintiff Has Not Stated A Claim For Breach of Contract

Alternatively, Plaintiff's claim fails because it appears to be based on contract, and Plaintiff has not alleged the elements for a breach of contract. Plaintiff has not alleged any of the

essential elements for a breach of contract claim, including the most basic element: existence of a valid contract. Plaintiffs claim therefore fails for this separate reason.

To prevail on a breach of contract claim, plaintiff must show the existence of a valid contract, her performance or excuse for non-performance under the contract, defendant's breach, and resulting damage. (*McDonald v. John P. Scripps Newspaper* (1989) 210 Cal.App.3d 100, 104.)

Here, Plaintiff has not alleged any of the elements of a breach of contract, including the existence of a valid contract, her performance, or Nationstar's failure to perform. Plaintiff has therefore failed to state any claim for breach of contract against Nationstar.

Additionally, Plaintiff's reference to Cal. Civ. Code § 1584 does not assist her in any way. (FAC ¶ 38-39.) Section 1584 provides that "[p]erformance of the conditions of a proposal, or the acceptance of the consideration offered with a proposal, is an acceptance of the proposal. (Cal. Civ. Code § 1584.) Here, Plaintiff has not and cannot allege that she offered any "proposal" to Nationstar, or any consideration which Nationstar accepted. Instead, Plaintiff alleges she sent Nationstar a "Fee Schedule" and claims that because Nationstar did not dispute the fee schedule when it was sent, Nationstar has accepted the schedule and has agreed to be bound by it. Plaintiff's allegations are not supported in law or fact, and this claim accordingly fails.

## V.  CONCLUSION

For all of the foregoing reasons, Plaintiff's third, fourth, and fifth causes of action for violation of the FCRA, TCPA, and for "Payment of Fees" should be dismissed in their entirety with prejudice.

DATED:  November 15, 2013

SEVERSON & WERSON
A Professional Corporation

By: _____*s/ Kenneth S. Miller*_____
Kenneth S. Miller

Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC