

1  Linda D. Moriarity
2  27300 Buckpasser Drive
3  Tehachapi, California 93561
   661-823-7871
4  Plaintiff In Pro Se

5

6

7                UNITED STATES DISTRICT COURT
8      FOR THE EASTERN DISTRICT OF CALIFORNIA FRESNO
9                   **BAKERSFIELD DIVISION**

10

11  **LINDA D. MORIARITY,**              CASE NO.: **1:13-cv-00855-AWE-SIMS**

12  Plaintiff,                           **PLAINTIFF'S OPPOSITION TO**
                                         **NATIONSTAR'S MOTION TO**
13                                       **DISMISS; MEMORANDUM OF**
          vs.                            **POINTS AND AUTHORITIES AND**
14                                       **DECLARATION**
15  NATIONSTAR MORTGAGE, LLC             Fed. R. Civ. P. 12(b)6
16  And DOES 1-10 Inclusive              Date: December 16, 2013
17  Defendants.                          Time: 1:30 P.M.
                                         Ctrm: 2
18
19                                       The Honorable Sandra M. Snyder
20

21

22      **PLAINTIFF'S  OPPOSITION  TO  DEFENDANT'S  MOTION  TO**
23  **DISMISS**
24
        Plaintiff, Linda D. Moriarity ("Plaintiff" or "Moriarity"), hereby submits its
25
26  opposition to Defendants Nationstar Mortgage, LLC ("Nationstar")' Motion to Dismiss
27  Plaintiff's First Amended Complaint ("FAC") under Rule 12(b)6 . The Plaintiff's FAC
28
    not only meets but exceeds the standards governing the form of a complaint, and the

                                         1

Complaint sufficiently alleges consumer harm and damage. Accordingly, Defendants' motion should be denied.

# I                     ¶ ¶

## INTRODUCTION

Defendant Nationstar within just 7 days of becoming the alleged assigned servicer of Plaintiff's account in May 2012, initiated a telephone collection campaign bordering on outright harassment in its attempt to first collect a debt then later soliciting Plaintiff to apply for a loan modification while, the validity of this alleged debt obligation itself, were still in pending litigation. Defendants collection attempts violated multiple sections of the Fair Debt Collections Act ("FDCPA") as well as California's own established collection laws under Rosenthal Act, aka Rosenthal Fair Debt Collection Act ("RFDCPA") as well as Telephone Consumers Protection Act ("TCPA").

Defendant violations and telephone campaign even after Plaintiff's notification of those initial violations less than 30 days after the initial contact with cease and desist notice of telephone contact. Defendant continued its telephone harassment with the majority of calls, being for solicitation by baiting Plaintiff to place a return telephone call for no other purpose that to encourage and persuade Plaintiff to apply for a Loan Modification despite being told the matter was in pending litigation and from its initial call Plaintiff stated "I am not interested in discussing any issues at this time, as there is a matter before the court and will be taking no action until that matter is decided, so stop calling me", however the calls continued. Plaintiff discussed this same issue with Defendant's direct contact person, Mr. McKnight on June 11, 2012 (FAC 7 ¶ 30) where he confirmed, there was nothing to discuss, until the legal issue was decided. including that modification was always an option if and when Plaintiff wanted to apply.

2

1  The calls however increased and continued for another month.

2       Defendant now attempts to evade responsibility for its TCPA violation

3  claiming that the FAC against them is insufficient to put them on notice of the

4  particulars, while it admits committing by attempting to hide behind a California
5
6  foreclosure section claiming a statutory requirement to explain away its blatant

7  violations of the TCPA. This argument is as disingenuous as it is meritless, as is the

8  defendant's baseless contention that their violations were warranted and have not

9  directly caused plaintiffs any harm. Defendants must now be held accountable, as the

10  Court has already determined Plaintiff has pleaded its causes more than sufficiently.

11  The defendants' motion to dismiss any of FAC is unfounded and should therefore be
12
13  denied.

14                          **POINTS AND AUTHORITIES**

15                                   **II**

16                   **FACTUAL AND PROCEDURAL BACKGROUND**

17
18       As alleged in the FAC, Defendants have acted in blatant violation of multiple

19  debt collections laws, primarily FDCPA and RFDCPA, none of which is denied in its

20  Motion to Dismiss, instead moves only to dismiss the third, fourth and fifth causes of

21
22  action, when in fact the Court has already dismissed the fourth and fifth, of which

23  Defendants was electronically notified on August 15, 2013 by the Court. Defendant was

24  ordered to Answer the Summons and complaint within 21 days, which would have been
25
26  no later than September 5, 2013, or if service was waived then within 60 days or by

27  October 14, 2013 pursuant to FRCP 12 (a) (1) (A). Instead Defendant now files its

28

second Motion to Dismiss some 92 days after electronic Court notice.  Defendant's first motion was dismissed by the Court almost immediately  on its own motion.

Inasmuch as the Court has already dismissed causes four and five, Plaintiff shall address only the remaining issue third cause of action addressing TCPA, which Defendant is still attempting to evade by redirecting the focus, but which fail to support its position and in fact strengthen Plaintiff's under Civil Code 2923.5.

### III

### ARGUMENT

### A.   Applicable Standard of Review

In evaluating a defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all facts alleged in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 677 (9th Cir. 2001); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989).  Rule 12(b)(6) motions are "viewed with disfavor" and "rarely granted." *Hall v.Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986).  Review is based strictly on the contents of the complaint. *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling plaintiff to relief." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  Quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure 1357, at 598.

4

The U.S. Supreme Court has stated: "The issue is not whether a plaintiff will ultimately prevail but whether the <u>claimant is entitled to offer evidence in support of the claims.</u> Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Rather, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Schneider v. California DOC,* 151 F.3d 1194, 1196 (9th Cir. 1998).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."" *Id.* at 1949 (citation omitted).  The Court has already affirmed the latter.

### B.    California Civil Code 2923.5 Is Not Applicable To Defendant's Calls

Defendant has alleged that these calls auto dialed recorded message calls were statutorily required to comply with California <u>foreclosure sections.</u> (MTD 6 at 19-28 and 7 at 1-10)   However, Defendants own submission under RJN Ex 4 already contains the requisite affidavit as proof of attempted contact, from 2011,  fully satisfying  Ca Civ Code 2923.5 ("CC 2923.5") .

This section is not applicable to Defendants' actions, being a requirement a servicer must meet **prior** to the filing of a <u>Notice of Default</u>, which was actually filed

October 2011, (RJN Ex 4) some nineteen (19) months before Defendants became the alleged servicer in May 2012. While it does not preclude a new servicer from advising, offering, or suggest this service or product is available, it is not a requirement as alleged and moreover, is **not** an attempt to collect a debt as these were offers of **commercial availability of a product or service**, i.e., **advertising**. Being there was a **cease and desist** notice received, fully compliant with both FDCPA and RFDCPA, the calls were a violation of TCPA. It is incumbent to note that CC 2923.5 was written to address any **pre-default** filings and has little or no applicability to Nationstar or its actions in 2012. Defendant cannot use one statute to justify the breaking of another, as is being attempted here.

But for the sake of clarification, CC 2923.5 ( c) (1) (1) states a *"servicer shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone"*. Following that subsection ( e)(2), *"the servicer shall attempt contact by telephone at **least three times at different hours and on different days**"*. Not the numerous daily calls placed by Defendant and certainly not exceeding 30 such calls, considering Defendants were told by Plaintiff 'not willing to discuss matter until court matter resolved" FAC ¶ 30. Further, CC 2923.5 **( e) (2)(B)** then addresses a servicer's **right to use an automated dialer** which states *"A mortgage servicer **may** attempt to contact a borrower using an **automated system** to dial borrowers, **provided** that, if the telephone call **is answered**, the call is **connected to a live representative of the mortgage servicer."*** No Nationstar representative was available to be connected to

6

after June 11, 2012, whereby Defendant failed to conform  and comply to this requirement.

Furthermore, an offer or enticement to apply for a loan modification which Defendant has not denied, in fact admits to willfully placing these calls under the guise of requirements of CC 2923.5. (MTD 7 ¶ 3),  is **foreclosure deferral or alternative**, not an attempt to collect a debt . To wit, "a non-judicial **foreclosure** action does **not** constitute "**debt collection**" under the FDCPA", *Diessner v. MORTGAGE ELECTRONIC REGISTRATION* 618 F. Supp. 2d 1184 - Dist. Court, D. Arizona, 2009; "Because foreclosure [actions] do not constitute debt collection under RFDCPA", *Izenberg v. ETS SERVICES, LLC* 589 F. Supp. 2d 1193 - Dist. Court, CD California, 2008;  "pursuing a foreclosure is not the collection of a debt under the FDCPA. *Hulse v. Ocwen Federal Bank, FSB* 195 F. Supp. 2d 1188 - Dist. Court, D. Oregon, 2002 . Which is why the civil code section  cited and the requirement are listed in under the California foreclosures codes and not under RFDCPA.   This action is not exempt under TCPA as it is not related to debt collection.  These calls were made without consent and in violation of the do-not-call and cease and desist.   It is the placing of the call that is prohibited, even if the called party does not actually receive the call. *First Nat'l Collection Bureau, Inc. v. Walker,* 348 S.W.3d 329 (Tex. App. 2011).

Defendant is grasping at straws in an attempt to condone and excuse its willfully unlawful actions by mis-applying non-applicable statues hoping the Court will buy it. Defendants claim of  right to call under California Civil Code totally falls apart for ery reason noted above.  For this reason Defendants motions must be denied

**C      Plaintiff Continues To Deny Existing Business Relationship For Lack Of Standing**

Defendant has alleged an *existing business relationship* with Plaintiff, thereby claiming exemption under TCPA 227 (b) (1) (B) ( see MTD pg 4  ¶ 2-3 and pg 7  ¶ (c)) . The latter reference actually claims at Ln 20, that "Plaintiff admits that Nationstar was her loan servicer at the time the calls were made".   Plaintiff  has made **no such statement or admission,** nor is that alleged admission referenced.  Plaintiff  merely acknowledged receipt of notices from both Bank of America, (FAC , ¶ 16)  prior alleged servicer as well as the late sent notice from Nationstar, but has never acknowledged Defendant as Plaintiff's valid servicer, in fact Plaintiff has repeatedly denied any association or relationship with Nationstar even today .

Moreover, Plaintiff has flatly denied any prior or existing business relationship with Nationstar as noted in FAC ¶ 17   again disputed that at the end of  ¶ 17 as well as establishing  in FAC Ex 2, specifically the *do not call instructions* by way of commonly stated cease and desist notice.

While in debt collectors in California are automatically deemed to have an *existing business relationship exemption*  under  most of  TCPA guidelines, not all actions apply.  Factually, if a debt collector does not have standing to seek collection from the alleged debtor, it is wholly liable for every call or collection action and are exempt from exclusion.  While Defendant alleges its right to pursue collection activity, neither Defendant or its assignor Bank of America has yet to establish their authority to make any valid assignment of any obligation to Defendant.  In fact, Bank of America, ,

has failed to respond and oppose Plaintiff's state court counter complaint action for

cancellation of instruments in Moriarity v Nationstar Mortgage and Bank of America,

N.A. Kern County Superior Court, Metro Div, Case S-1500-CV-276510 on the basis

of forgery and fraudulent recordation of said documents. Default was been entered on

October 16, 2013 accordingly as seen in Exhibit A attached hereto.. This questions

Defendants' authority to even attempt debt collection activity as related to Plaintiff.

Defendant has still failed to provide any other valid legal authority to even contact

Plaintiff, let alone demand payment. However a mortgage wholesaler, does have the

right to **solicit** for loan modification applications, which is what it has done.

### D   Messages That Provide a Toll-free Number Deemed Advertisements

In actuality, these calls were in fact **for a commercial purpose with solicitation,**
Defendant cannot claim exemption under 227 (2)(b)(i) by CFR definition. Defendants

cleverly worded auto dialer pre-recorded message urged Plaintiff to call back, on the

premise of discussing an important matter regarding her account , was little more than a

carefully worded message alluding urgency and importance of response. However

upon calling the 800# provided in the message received a sales pitch advising of the

"commercial availability of any.. service", (a loan modification) ( MTD 5 at 26) which

perfectly describes "an unsolicited advertisement", 47 U.S.C. 227 (a)(5) and is

confirmed in MTD ¶ 1 pg 5 on the FCC description and the Ninth Circuit Court ruling

in *Chesbro v Best Buy Stores, L.P.*, 705 F. 3d 913 (9th Cir 2012).[1] Indeed Defendant has

proven Plaintiff's case as noted in *Chesboro*: 1) **"calls from mortgage brokers to**

9

**their clients notifying them of lower interest rates,** to existing customers—would, in most instances, constitute "unsolicited advertisements" and 2) "such as in response to a message that provides a toll-free number), that call is an advertisement.

A Loan Modification is primarily to lower the customers interest rate, by modifying the original terms. It is new business to the mortgagee with additional up-front fees and currently under the Obama $75 Billion Stimulus Program, bankers or brokers receive $1000 incentive for every written application, whether approved or not. Nationstar was attempting to sell such an application to Plaintiff, despite Plaintiff's repeated statement of disinterest, cease and desist notice as well as having registered with the National Do-Not-Call Registry in 2006.

---

[1] *Cheseboro v Best Buy Stores* L.P., No. 11-35784 (9th Cir. Oct. 17, 2012)
*TCPA Claims*

[1] The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B). The parties do not dispute that these were prerecorded calls to a residential telephone line. Paragraph (2)(B) provides that the Federal Communications Commission ("FCC") may exempt non-commercial calls and "such . . . calls made for commercial purposes as . . . (I) will not adversely affect the privacy rights that this section is intended to protect; and (II) do not include the transmission of any unsolicited advertisement." 47 U.S.C. § 227(b)(2)(B)(ii). " '[U]nsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission ." 47 U.S.C. § 227(a)(5).

[2] Pursuant to its delegated authority, the FCC has exempted from the general prohibition on automated commercial calls those that both "do[ ] not include or introduce an unsolicited advertisement or constitute a telephone solicitation[,]" 47 C.F.R. § 64.1200(a)(2)(iii) (2011) (amended 2012), and do not adversely affect the privacy rights of the called party, *see In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order,* 18 FCC Rcd. 14014, 14095 ¶ 136, 2003 WL 21517853 (F.C.C. July 3, 2003) ("*2003 Report and Order*"). The FCC has determined that so-called "dual purpose" calls, those with both a customer service or informational component as well as a marketing component, are prohibited. *See 2003 Report and Order* at 14097-98 ¶¶ 140-142. The FCC explains:

The so-called "dual purpose" calls described in the record—**calls from mortgage brokers to their clients notifying them of lower interest rates,** calls from phone companies to customers regarding new calling plans, or calls from credit card companies offering overdraft protection to existing customers—would, in most instances, constitute "unsolicited advertisements," regardless of the customer service element to the call. The Commission explained in the *2002 Notice* that such messages may inquire about a customer's satisfaction with a product already purchased, but are motivated in part by the desire to ultimately sell additional goods or services. If the call is intended to offer property, goods, or services for sale either during the call, or in the future (such as in response to a message **that provides a toll-free number), that call is an advertisement.** *Id.* ¶ 142 (footnote omitted).

**[3]** Neither party argues that the interpretation set forth in the *2003 Report and Order* is unreasonable or otherwise not entitled to this court's deference. We agree that our deference is due. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952-54 (9th Cir. 2009) (affording deference under *United States v. Mead Corp.*, 533 U.S. 218 (2001), and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), to the FCC's interpretation, as set forth in its 2003 and 2004 Reports, of what constitutes a "call").

Finally, the regulations contain a DNC provision stating: "Persons or entities making calls for telemarketing purposes . . . must honor a residential subscriber's do-not-call request within a reasonable time . ." 47 C.F.R. § 64.1200(d)(3) (2011) (amended 2012). "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(10) (2011) (amended 2012).

**[4]** "[A]pplication of the prerecorded message rule should turn, not on the caller's characterization of the call, but on the purpose of the message." *2003 Report and Order* at 14098 ¶ 141 (footnote omitted). We thus turn to the calls at issue to determine whether they demonstrate a prohibited advertising purpose. Best Buy argues that its calls were purely informational courtesy calls to RZ members. It further maintains that, because the scripts did not explicitly reference any property, goods, or services within the meaning of 47 U.S.C. § 227(a)(5), the calls did not run afoul of the TCPA and its implementing regulations. **We disagree.**

**[5]** We approach the problem with a measure of common sense. The robot-calls urged the listener to "redeem" his Reward Zone points, directed him to a website where he could further engage with the RZP, and thanked him for "shopping at Best Buy." Redeeming Reward Zone points required going to a Best Buy store and making further purchases of Best Buy's goods. There was no other use for the Reward Zone points. Thus, the calls encouraged the listener to make future purchases at Best Buy. **Neither the statute nor the regulations require an explicit mention of a good, product, or service where the implication is clear from the context. Any additional information provided in the calls does not inoculate them.** *See 2003 Report and Order* ¶ **142**.

**[6]** Any assertion that Chesbro either consented to receiving these communications or that the communications were not unsolicited is unpersuasive on this summary judgment record. Chesbro repeatedly and expressly asked not to be contacted. The calls violated the TCPA and its implementing regulations.

**[7]** Because the calls encouraged recipients to engage in future purchasing activity, they also constituted telemarketing under the DNC regulation. *See* 47 C.F.R. §§ 64.1200(d)(3), (f)(10)(2011).

Whether is it is labeled 'solicitation', 'telemarketing' or 'advertisement' under

offer of service or available product, it was **not** about **collecting on the alleged debt**

even it Defendant attempts to claim the call was dual purpose, which it was not. The

urged return call to the 800# provided for only one purpose,  to sell Plaintiff on applying

for loan modification and automatically earning $1000.   Once again Defendant's

motion un-ravels.  For this reason, Defendants motion must be denied

**E      Calls To a Subscriber Registered On Do-Not-Call List Are Unauthorized**

Pursuant to Title 47 Delivery Restriction 64. 1200 ( c) "**No person or entity shall**

initiate any telephone solicitation to:

> (2) A residential telephone subscriber who has **registered his or her telephone number on the national do-not-call registry of persons** who do not wish to receive telephone solicitations that is maintained by the Federal Government. **Such do-not-call registrations must be honored indefinitely**, or until the registration is cancelled by the consumer ...

As noted in *Cheseboro, supra*, solicitation, telemarketing or advertisement calls to a telephone subscriber on the Do-Not-Call list are violations under *See* 47 C.F.R. §§ 64.1200(d)(3), (f)(10)(2011).  As noted above such registrations must be honored indefinitely.  Plaintiff has never removed her number from the Government Maintained "Do-Not-Call Registry" once listing it in 2006.

Defendant's motion simply does not qualify and must be dismissed.

**F      Charge For Calls Received Challenged Under 227 (b) (1) (A) (iii)**

> **64.1200 (b) All artificial or prerecorded voice telephone messages shall**:

> **(3)** In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement OR **constitutes telemarking** and is delivered to a **residential telephone line OR** any of the lines or telephone numbers described in **paragraph (a)(1) (i) through (iii),** provide an automated, interactive voice-and/or key press-activated opt-out mechanism for the called person to make a do-not-call request...within two (2) seconds of providing the identification information required in paragraph (b) (1) of this section.

While Plaintiff again states ability to conform charges for calls, the relevant statutory language provides that it is unlawful for any person to make certain calls to any telephone number assigned to a paging service, cellular telephone service,

specialized mobile radio service, or other radio common carrier service or any service for which the called party is charged for the call, 47 U.S.C 227, (b)(1)(A)(iii).

As Defendant addresses the requirement of the called party being charged (MTD 3 at 13), Plaintiff responds that this interpretation violates the doctrines of last antecedent and interpreting disjunctives. The doctrine of last antecedent states "'a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows.' "*United States v. Hayes US,* 129 S.Ct. 1079, 1086 (2009) (quoting *Barnhart v. Thomas,* 540 U.S. 20, 26 (2003)). Following this doctrine, the phrase, "for which the called party is charged for the call" modifies only "any service" not the preceding sections of the statute: Id. (quoting Barnhart, 540 U.S. at 26). Hence, Defendants argument also fails here and its motion denied. and dismissed with prejudice.

## G    Leave to Amend Should Be Granted, if Necessary, to Cure Any Pleading Deficiencies

If this Court detects any pleading deficiencies in the FAC, plaintiffs should be granted leave to amend. Such leave is freely and liberally granted as a matter of judicial policy. See Fed. R. Civ. P. 15(a)(2) (court should "freely give leave [to amend] when justice so requires"); *see also Livid Holdings,* 416 F.3d at 946 (dismissal of complaint without leave to amend "is improper unless it is clear that the complaint could not be saved by any amendment").

**IV**

# CONCLUSION

For all the foregoing reasons, Defendants's 2nd motion to dismiss also completely falls apart, therefore  shoud be denied with predudice so we may move forward with this matter.


Dated:  November 30,  2013

Linda D. Moriarity, Pro Se
Plaintiff

14

# EXHIBIT "A"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Linda Moriarity<br>c/o 27300 Buckpasser Drive<br>Tehachapi, California<br><br>TELEPHONE NO.: 661 823-7871    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **FILED**<br>SUPERIOR COURT, METROPOLITAN DIVISION<br>COUNTY OF KERN<br><br>OCT 16 2013<br><br>TERRY McNALLY, CLERK<br>BY_____DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **KERN**
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan

PLAINTIFF/PETITIONER: Linda Moriarity

DEFENDANT/RESPONDENT: Bank of America, NA , s/b/m w/BAC Home Loa

| REQUEST FOR<br>(Application) | ✓ Entry of Default | ☐ Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| | ☐ Court Judgment | | S-1500-CV-276510 NFT |

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* 7/8/2013
   b. by *(name):* Linda Moriarity
   c. ✓ Enter default of defendant *(names):* Bank of America N.A. successor by merger with BAC Home Loan Servicing, LP

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169).
      ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on *(date):*

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . . | $ | $ | $ |
| b. Statement of damages * | | | |
| (1) Special . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| (2) General . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. Interest . . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. Costs *(see reverse)* . . . . . . . . . . . . . | $ | $ | $ |
| e. Attorney fees . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. **TOTALS** . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $ per day beginning *(date):*
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☐ *(Check if filed in an unlawful detainer case)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date:

▶

(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) ☒ Default entered as requested on *(date):* OCT 16 2013<br>(2) ☐ Default NOT entered as requested *(state reason):*<br><br>Clerk, by___ L. HAMMOND _____, Deputy |
|---|---|

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

**CIV-100**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Linda Moriarity | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Bank of America, NA , s/b/m w/BAC Home Loan Svc, LP | S-1500-CV-276510 NFT |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ **did** ☐ **did not** for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

5. ☑ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. ☐ **is** ☑ **is not** on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ **is** ☑ **is not** on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ **is** ☑ **is not** on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names):*

   b. ☑ mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

     (1) Mailed on *(date):* 10/16/2013    (2) To *(specify names and addresses shown on the envelopes):*
                                     CT Corporation Svcs, 818 Wilshire Blvd  Ste 200, Los Angeles, CA 90017; Serverson & Werson, 19100 von Karman, 7th Flr, Irvine,CA 92612 & National Fidelity Law Firm, 915 Wilshire Bl, 2100,LA,CA

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: October 16, 2013

Linda D. Moriarity
_____  ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees ................ $
   b. Process server's fees ............... $
   c. Other *(specify):* .................... $
   d. ........................ $
   e. **TOTAL** ......................... $ _____
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

_____  ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DECLARANT)

8. ☑ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: October 16, 2013

Linda D. Moriarity
_____  ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Linda D. Moriarity
c/o 27300 Buckpasser Drive
Tehachapi, California 93561
661-823-7871
Plaintiff In Pro Se

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA FRESNO
## **BAKERSFIELD DIVISION**

**LINDA D. MORIARITY,**

Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC

And DOES 1-10 Inclusive

Defendants.

CASE NO.: 1:**13-cv-00855-AWE-SIMS**

**PROOF OF SERVICE**

I, Ramona M. Padro, declare as follows:

My address is 17700 Armed Court, in Tehachapi, California, which is located in Kern county where this mailing below took place.

On December 4, 2013, I served the following documents:

**PLAINTIFF OPPOSITION TO 2<u>nd</u> MOTION TO DISMISS**

on all the interested parties in this action, by placing a true and correct copy thereof into a first class postage prepaid envelope, sealing and deposited said

16

envelope in the US Mail at Tehachapi, California addressed to:

1.    Serverson and Werson

      19100 Von Karman Ave, Ste 700

      Irvine, CA 92612

      I declare under penalty of perjury that the foregoing is true and correct.
Executed on December 4, 2013 at Tehachapi, California.


Ramona M. Padro

17