KENNETH S. MILLER (State Bar No. 285297)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

EDWARD R. BUELL, III (State Bar No. 240494)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant NATIONSTAR MORTGAGE, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA — FRESNO DIVISION

| | |
|---|---|
| LINDA D. MORIARITY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC And Does 1-10 Inclusive,<br><br>Defendants. | Case No. 1:13 cv 00855 AWI SMS<br>Hon Judge Anthony W. Ishii<br>Magistrate Judge Sandra M. Snyder<br><br>**DEFENDANT NATIONSTAR MORTGAGE, LLC'S REPLY IN FURTHER SUPPORT TO ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>*[Filed concurrently with Defendant's Supplemental Request for Judicial Notice in Further Support to its Motion to Dismiss Plaintiff's First Amended Complaint]*<br><br>Date:   December 16, 2013<br>Time:   1:30 p.m.<br>Crtrm:   2<br><br>Action Filed:   June 5, 2013<br>FAC Filed:   July 31, 2013 |

11951.0037/3000740.1                                                                                       1:13 cv 00855 AWI SMS

DEFENDANT NATIONSTAR MORTGAGE, LLC'S REPLY IN FURTHER SUPPORT TO ITS MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## I. INTRODUCTION

As an initial matter, Plaintiff Linda Moriarity ("Plaintiff") filed and served her Opposition on December 5, 2013, eleven days prior to the hearing in this matter. Under Local Rule 230, oppositions must be filed and served fourteen days before the hearing date. Plaintiff's Opposition is therefore not timely and should not be considered by this Court. Further, Plaintiff's Opposition fails to articulate how Plaintiff is entitled to any relief from Defendant Nationstar Mortgage, LLC ("Nationstar") under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), or for fees due to Plaintiff. Indeed, Plaintiff's Opposition does not address the FCRA or fees due to Plaintiff causes of action at all. Plaintiff has therefore implicitly admitted these causes of action are without merit and should therefore be dismissed.

Finally, Plaintiff's Opposition does not articulate any basis for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Plaintiff implicitly admits that she was in a pre-existing business relationship with Nationstar since Nationstar was servicing her Loan at the time all of the alleged telephone calls were made. Further, Plaintiff has not alleged that any telephone call from Nationstar was solicitation, telemarketing, or advertising as defined under the TCPA. Importantly, Plaintiff has not and cannot allege that the alleged "solicitation" that Plaintiff apply for a loan modification was for the **purchase** of any good or service. Because Plaintiff was in a pre-existing business relationship with Nationstar, her loan servicer, and because none of the alleged telephone calls were an attempt to **sell** Plaintiff any good or service, Plaintiff's claim under the TCPA fails as a matter of law. Accordingly, Nationstar's motion to dismiss Plaintiff's third, fourth, and fifth causes of action should be granted. Additionally, because Plaintiff's claims fail as a matter of law, Plaintiff should not be granted leave to amend as any amendment would be futile.

## II. PLAINTIFF HAS NOT STATED A CLAIM UNDER THE TCPA

**A.   A Pre-Existing Business Relationship Existed Between Plaintiff and Nationstar**

Plaintiff's Opposition argues that she has never acknowledged Nationstar as "Plaintiff's valid servicer" and therefore is not in an existing business relationship with Nationstar. Opp. pp. 8:13. Whether Plaintiff acknowledges that Nationstar is her Loan servicer is immaterial;

Nationstar is both the loan servicer and the beneficiary under the Deed of Turst, and is therefore in a pre-existing business relationship with Plaintiff.

Plaintiff admits in her Opposition that "debt collectors in California are automatically deemed to have an existing business relationship exemption under most of TCPA guidelines." Opp. pp.8:21-22.  Here, Nationstar is both the beneficiary under the subject Deed of Trust as well as the loan servicer.[1]  Accordingly, Nationstar is in an established, pre-existing business relationship with Plaintiff, and is accordingly exempt from the TCPA's prohibition on pre-recorded calls.  *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd 8752, 8771-72, 1992 WL 690928, ¶ 36 (F.C.C. 1992) ("all debt collection circumstances involve a prior or existing business relationship."); *Meadows v. Franklin Collection Service, Inc.*, 414 Fed.Appx. 230, 235 (11th Cir. 2011).

Further, Plaintiff has admitted that both her prior servicer, Bank of America, and Nationstar, provided notice that Nationstar took over servicing of the Loan as of May 15, 2012.  FAC ¶¶ 16, 18.  Plaintiff's Deed of Trust expressly provides that that "[t]here also might be one or more changes of the Loan Servicer unrelated to a sale of the Note."  RJN[2] Ex. 1, ¶ 20.  The transfer of servicing is accordingly valid and expressly authorized under the subject Deed of Trust.

Finally, Plaintiff's reference to her state court action as somehow supporting her claim that Nationstar is not authorized to act as loan servicer or beneficiary is wholly unsupported.  Indeed, Nationstar's demurrer to Plaintiff's state court cross-complaint was sustained without leave to amend.  SRJN Ex. 6 (Ruling on Demurrer) Ex. 7 (First-Amended Cross-Complaint).  Plaintiff's reference to a default by Bank of America is wholly immaterial to Nationstar, and adds no support whatsoever to Plaintiff's claim that Nationstar was not in a pre-existing business relationship with Plaintiff.  Accordingly, Plaintiff's claim under the TCPA fails and Nationstar's motion to dismiss should be granted without leave to amend.

---

[1] See Supplemental Request for Judicial Notice "SRJN" Ex. 5 (Corporation Assignment of Deed of Trust).

[2] All references to "RJN" refer to the Request for Judicial Notice filed concurrently with Nationstar's Motion to Dismiss Plaintiff's First Amended Complaint, Docket No. 21.

1  **B.      Plaintiff Has Not Alleged Any Solicitation, Telemarketing, or Advertising**

2          Plaintiff's Opposition argues that the telephone calls by Nationstar requesting Plaintiff to
3   call Nationstar back regarding an important matter, which allegedly turned out to be information
4   regarding foreclosure avoidance alternatives, is a solicitation.  Plaintiff is incorrect as the
5   telephone calls are not alleged to be attempts to **sell** Plaintiff any goods or services.

6          Telemarketing is defined as "the initiation of a telephone call or message for the purpose of
7   encouraging the **purchase or rental of, or investment in**, property goods or services."  47 CFR §
8   64.1200(f)(10) (emphasis added).  Telephone solicitation is "the initiation of a telephone call or
9   message for the purpose of encouraging the **purchase or rental of, or investment in**, property
10  goods or services."  47 U.S.C. § 227(a)(4) (emphasis added).  An unsolicited advertisement
11  "means any material advertising the **commercial** availability or quality of any property, goods, or
12  services . . . ."  47 U.S.C. § 227(a)(5) (emphasis added).  The FCC has clarified that "[i]f a call is
13  intended to offer property, goods, or services **for sale** either during the call, or in the future . . .
14  that call is an advertisement."  *In re Rules and Regulations Implementing the Telephone Consumer*
15  *Protection Act of 1991*, 18 FCC Rcd 14014, 14098, 2003 WL 21517853, ¶¶ 140-142 (F.C.C.
16  2003) (emphasis added).

17         Here, Plaintiff has not alleged that Nationstar called her in an attempt to **sell** Plaintiff any
18  good or service, or encouraged her to **purchase, rent, or invest** in any property, good or service.
19  Nor is it alleged that Nationstar was informing Plaintiff of the **commercial** availability of a good
20  or service.  Rather, Plaintiff alleges that Nationstar called to inform Plaintiff regarding foreclosure
21  avoidance alternatives, including loan a modification.  Notably, while Plaintiff's Opposition
22  argues Nationstar attempted "to sell Plaintiff on applying for a loan modification," she has not
23  alleged that Nationstar attempted to have Plaintiff **purchase** anything.  Opp. pp. 11:21.  Indeed,
24  such an allegation would be patently false as loan servicer's do not charge borrowers for loan
25  modifications, or other foreclosure alternatives.  Accordingly, Plaintiff has failed to allege
26  Nationstar attempted to solicit, telemarket, or advertise any property, good, or service when
27  Nationstar advised Plaintiff of the availability of foreclosure alternatives.  Plaintiff has therefore
28  failed to state a claim under the TCPA and this cause of action should be dismissed without leave

to amend.

## C. Plaintiff's Remaining Arguments Are Unpersuasive

### 1. Plaintiff Has Not Alleged Her Telephone Number is Registered on a Do-Not-Call Registry

Plaintiff's Opposition argues that Nationstar violated 47 C.F.R. 64.1200(c)(2), which prohibits telemarketing to a telephone subscriber who has registered her telephone number on the national do-not-call registry. 47 C.F.R. 64.1200(c)(2). However, as stated above, and in Nationstar's moving papers, Nationstar did not engage in "telemarketing" when it allegedly called Plaintiff. Nationstar was not attempting or encouraging Plaintiff to purchase, rent, or invest in any good or service. Accordingly, this argument fails.

Further, Plaintiff's FAC does not allege that she ever registered her number on a national do-not-call registry. Accordingly, Plaintiff has not alleged sufficient facts to establish a violation of this section.

### 2. Plaintiff Has Not Alleged a Violation of 47 U.S.C. § 227(b)(1)(A)

Plaintiff's argument that Nationstar violated 47 U.S.C. §227(b)(1)(A) because Plaintiff subscribes to California Lifeline telephone service fails. Opp. pp. 12:15-13:16. As set forth in Nationstar's moving papers, Plaintiff has failed to allege Nationstar made any calls to a paging service, cellular telephone service, specialized mobile radio service, other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii). Accordingly, Plaintiff has failed to state any claim under section 227(b)(1)(A) and this cause of action fails.

### III.  CONCLUSION

For all of the foregoing reasons, Plaintiff has failed to a state any cognizable claim on her third, fourth, and fifth causes of action.  Nationstar's motion to dismiss should therefore be granted and the aforementioned causes of action dismissed with prejudice.

DATED:  December 9, 2013         SEVERSON & WERSON
                                 A Professional Corporation


                                 By:    /s/ Kenneth S. Miller
                                              Kenneth S. Miller

                                 Attorneys for Defendant NATIONSTAR MORTGAGE, LLC

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On December 9, 2013, I served true copies of the following document(s):

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S REPLY IN FURTHER SUPPORT TO ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in this action as follows:

Linda D Moriarity                                          Pro Se Plainitff
27300 Buckpasser Drive
Tehachapi, CA 93561

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by The overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of The overnight service carrier or delivered such document(s) to a courier or driver authorized by The overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 9, 2013, at Irvine, California.

_/s/ Carla Durkee_
Carla Durkee