**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LINDA D. MORIARITY,

Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC, and DOES 1-100, inclusive,

Defendants.

**1:13-cv-0855 AWI SMS**

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**Doc. # 20**

This is an action for damages by plaintiff Linda D. Moriarty ("Plaintiff") who is proceeding *in forma pauperis* against defendant Nationstar Mortgage, LLC ("Defendant"). Plaintiff's First Amended Complaint ("FAC") filed on July 31, 2013, alleges a total of five claims for relief. The FAC was screened pursuant to 28 U.S.C. § 1915(e)(2). The claims remaining after screening are: (1) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; (2) violation of the California counterpart to the FDCPA, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 et seq.; and (3) violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 277. A claim for violation of the federal Fair Credit Reporting Act and a claim for "obligation of fees due Plaintiff" were dismissed with prejudice. Currently before the court is Defendant's motion to dismiss the fourth claim for relief set forth in the FAC. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**JUDICIAL NOTICE**

Defendants request the court take judicial notice of several documents that pertain to the Deed of Trust, its assignments to successor trustees, the notice of default, and documents filed in the Superior Court of Kern County. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Facts subject to judicial notice may be considered by a court on a motion to dismiss. In re Russell, 76 F.3d 242, 244 (9th Cir. 1996). Applying Federal Rule of Evidence 201(b), federal courts routinely take judicial notice of facts contained in publically recorded documents, including Deeds of Trust, Substitutions of Trustee, and Notices of Default because they are matters of public record, and are not reasonably in dispute. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001) (quoting MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986)); Lingad v. IndyMac Fed. Bank, 682 F.Supp.2d 1142, 1146 (E.D.Cal.2010). Because the documents for which Defendants request judicial notice are documents whose accuracy cannot be questioned and that are of the type for which judicial notice is commonly granted, Defendants' request for judicial notice will be granted. The court notes Plaintiff has not objected to Defendant's request for judicial notice.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of Defendant's efforts to collect payments allegedly owing on a mortgage secured by property located in Kern County, California. The FAC alleges Plaintiff took out a mortgage loan from Bank of America, N.A. in the amount of $106,000.00 secured by property in Tehachapi, California (the "Mortgage"). A notice of default on the Mortgage and election to sell was filed on or about October 20, 2011. The mortgage was assigned to Defendant on or about July 12, 2012. Defendant provided notice of the assignment to Plaintiff and informed Plaintiff that Defendant would be the servicer of the mortgage. Sometime after the notice of default was filed but before the deed of trust was assigned to Defendant, Plaintiff commenced a lawsuit in the Superior Court of Kern County against Bank of America, N.A. That

suit was amended following the assignment of the deed of trust to include Nationstar Mortgage as cross-claim co-defendant.

Plaintiff's first claim for relief alleges multiple violations of the FDCPA as follows:

> i. By Placing a collection call at 6:58 A.M. which is other than between 8:00 A.M. and 9:00 P.M., violating [15 U.S.C.] §1692c(a)(1);
>
> ii. By Does placing 20 calls after receiving cease and desist telephone contact notice from debtor, violating § 1692c(c);
>
> iii. By failing to send written information within 5 days of initial telephone contact, violating § 1692g(a);
>
> iv. By various Does repeatedly placing calls, continually trying to engage in Plaintiff in [sic] conversation or leave repeated messages with intent to annoy or harass, violating § 1692d(5);
>
> v. By misrepresenting the amount of the alleged debt, violating §1692e(2)(A), evidence to be presented at trial;
>
> vi. By Doe failing to communicate to two separate [credit reporting agencies] derogatory credit information without also reporting that the alleged debt is disputed by consumer, violating § 1692e(8);
>
> vii. By using unfair or unconscionable means in attempting to collect any debt, violating § 1692f, just by the sheer number of herein listed violations.

Doc. # 10 at 13:10-14:4.

Similarly, Plaintiff's second claim for relief alleges a number of violations of California's RFDCPA as follows:

> (i) By failing to send written notification within 5 days of initial telephone contact pursuant to [Cal. Civ. Code] § 1812.700(c);
>
> (ii) By failing to include Debtors Notice of Rights on first notice as required pursuant to § 1812.700(b);
>
> (iii) By failing to include Debtors Notice of Rights on any subsequent debt collection notices as required under RFDCPA § 1812.700(a);
>
> (iv) By placing a collection call at 6:54 A.M., which is other than between 8 A.M. and 9 P.M. pursuant to RFDCPA § 1812.700 Debtors Notice of Rights;
>
> (v) By placing calls for which Plaintiff was charged for calls [sic] violating RFDCPA § 1788.11(c);
>
> (vi) By Does calling with [sic] Plaintiff with such frequency as to constitute harassment violation RFDCPA § 1788.11(e).

Doc. # 10 at 14:21-15:14. With regard to both the first and second claims for relief, Plaintiff alleges the calls complained of were "auto dialer" calls and were made primarily for the purpose of "soliciting Plaintiff to apply for a loan modification," as opposed to being for the purpose of debt collection.

Plaintiff's FAC alleges that Defendant violated the TCPA by using an "auto dialer" "to place non-emergency calls to Plaintiff's phone for which the called party is charged a fee, violating [47 U.S.C.] §227(b)(1)(A)(iii) at least 37 times out of the 42 calls, between May 22, 2012, and July 17, 2012. While only the calls from May 22 through June 11, 2012, were for collection purposes with the remaining for solicitation purposes, the calls are still a violation of this section." Doc. # 10 at 16:22-17:1.

Defendant's motion to dismiss was filed on November 15, 2013, along with Defendant's initial request for judicial notice. Plaintiff's opposition was filed on December 15, 2013. Defendant's reply and supplemental request for judicial notice were filed on December 9, 2013. The matter was taken under submission without oral argument as of December 16, 2013.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

**DISCUSSION**

At the outset, it is important to note that although Defendant's motion is captioned as a motion to dismiss Plaintiff's FAC, the arguments set forth in the motion address only Plaintiffs claims for "Obligation of Fees Due Plaintiff" and the claim for violation of the FCRA, both of which have been dismissed with prejudice in the Magistrate Judge's screening order, and Plaintiff's claim for violation of the TCPA. Defendant's motion to dismiss does not address Plaintiff's claims under the FDCPA or under the RFDCPA. As a result, this order addresses only Defendant's motion to dismiss Plaintiff's fourth claim for relief pursuant to the Telephone Consumers Protection Act, 47 U.S.C. § 277 et seq.

Defendant interprets Plaintiff's fourth claim for relief to allege two discernible claims under the TCPA. The court accepts Defendant's interpretation of Plaintiff's FAC. The first of the two claims alleges violation of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits "any call (other than a call made for emergency purposes or made with the *prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice – to [. . .] any service for which the called party is charged for the call." Id. (italics added). The other

claim alleges that violated section 277(b)(1)(B), which prohibits telephone calls to "any residential telephone line using an artificial or prerecorded voice to deliver a message without the *prior express consent* of the called party . . . ." Id. (italics added). Defendant moves to dismiss Plaintiff's fourth claim for relief on the ground that the calls make by Defendant to Plaintiff were exempt from the restrictions imposed by section 227(b). Based on the court's review of applicable case authority, Defendant is correct.

Subsection 227(b)(2) of the TCPA empowers the Federal Communications Commission ("FCC") to make regulations "to implement the requirements of this subsection." In 2008 the FCC issued a ruling in In re Rules & Regs Implementing the Tel. Consumer Prot. Act of 1991, 23 C.F.R. 599 ¶ 1 (2007) the FCC clarified the term "prior express consent" by holding that "autodialed and prerecorded message calls to wireless numbers that are provided by the called party to accreditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party." Id. Courts of this circuit have recognized that the FCC's pronouncement constitutes rulemaking within the meaning of the TCPA and immune from challenge in federal district court pursuant to the Hobbs Act, 28 U.S.C. § 2342, "which gives the federal courts of appeal exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47." Leckler v. Cashcall, Inc., 2008 WL 5000528 (N.D. Cal. 2008) at *2 (internal citation and quotes omitted). Thus, the exemption of calls from a creditor to a debtor from the restrictions of the TCPA is based not on the nature of the call – whether an effort to collect a debt or solicitation – but on the deemed specific consent of the called to receive such calls having provided the caller with the cell phone contact number.

It is the general rule that, "where a valid assignment of a mortgage has been consummated with proper consideration, the assignee is vested with all the powers and rights of the assignor." Mort v. United States, 86 F.3d 890, 894 (1996). Plaintiff's FAC alleges that, at the time of the filing of this action, the validity of the assignment of Plaintiff's mortgage to Defendant was being challenged in state court. However, Plaintiff's FAC contains no facts upon

which the court could find that the assignment was invalid and, even if such facts had been alleged the contention is undercut by the judicially noticed decision of the Superior Court granting demurrer on Plaintiff's claim that the assignment was fraudulent. See, generally, `Defendants Supplemental Request for Judicial Notice, Doc. # 25 at pages 6 and 19. The facts of this case do not provide any basis for concluding that Plaintiff's fourth claim for relief for violation of the TCPA can be sustained in light of FCC's interpretation the term of "prior express consent." Plaintiff admits there was a debt and it may be inferred that Plaintiff provided contact information to the original loan servicer. Absent proof sufficient to show that subsequent assignments of the mortgage were somehow invalid, Plaintiff cannot state a claim against Defendant for violation of the TCPA.

Plaintiff's fourth claim for relief will therefore be dismissed. Courts in this circuit have consistently held that "borrowers who were not parties to the assignment of their deed—and whose rights were not affected by it—lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment." Marques v. Fed. Home Loan Mortg. Corp., No. 12–cv–1873–IEG, 2012 WL 6091412, at *4 (S.D.Cal. Dec.6, 2012). Given Plaintiff's lack of success to claim otherwise in state court and this court's consistent rejection of borrowers' claim of invalidity of assignment of their mortgages, the court concludes Plaintiff's fourth claim for relief cannot be corrected by amendment.

THEREFORE, it is hereby ordered that Defendant's motion to dismiss Plaintiff's fourth claim for relief is GRANTED. Plaintiff's fourth claim for relief is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: February 27, 2014

SENIOR DISTRICT JUDGE