KENNETH S. MILLER (State Bar No. 285297)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

EDWARD R. BUELL, III (State Bar No. 240494)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA — FRESNO DIVISION

| | |
|---|---|
| LINDA D. MORIARITY, an individual,<br><br>           Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC and Does 1-10 Inclusive,<br><br>           Defendants. | Case No. 1:13 cv 00855 SMS<br>Magistrate Judge Sandra M. Snyder<br>Courtroom 1, 8th Floor<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR SANCTIONS PURSUANT TO 28 U.S.C. 1927; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KENNETH S. MILLER**<br><br>Date:   July 8, 2015<br>Time:   11:00 a.m.<br>Ctrm.:   1, 8th Floor<br><br>FAC Filed:   July 31, 2013<br>Action Filed:   June 5, 2013 |

**TO THE COURT, PLAINTIFF AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on July 8, 2015, at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1, of the United States District Court for the Eastern District of California, located at 2500 Tulare Street, 8th Floor, Fresno, CA 93721, Defendant NATIONSTAR MORTGAGE LLC ("Nationstar" or "Defendant") will move and hereby do move the Court to enforce the settlement between Defendant and plaintiff Linda Moriarity.

This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of David M. Liu and such other and further evidence as may be presented to the Court at or before the time set for the hearing on this matter.

This Motion is made following numerous meet and confer attempts between January 27, 2015 and April 22, 2015, as set forth in the Declaration of Kenneth S. Miller.

DATED:  June 10, 2015              SEVERSON & WERSON
                                   A Professional Corporation


                                   By:    *s/ Kenneth S. Miller*
                                              Kenneth S. Miller

                                   Attorneys for Defendant
                                   NATIONSTAR MORTGAGE LLC

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.  INTRODUCTION

This case settled in December 2014.  The terms of the settlement agreement were that Defendant Nationstar Mortgage LLC ("Defendant" or "Nationstar") would pay to Plaintiff Linda Moriarity ("Plaintiff") the amount of $5,400 in full satisfaction for all the claims arising out of this lawsuit.  By the terms of the Agreement, Plaintiff was required to file a request for dismissal with prejudice within five days of receipt of the fully executed settlement agreement.  On December 31, 2014, Plaintiff was mailed the fully executed settlement agreement along with the settlement check for $5,400.  Plaintiff cashed the settlement check on or about January 5, 2015.  Accordingly, per the terms of the settlement agreement, Plaintiff was required to file a request for dismissal at least by mid-January 2015.  To date, Plaintiff has not filed the request for dismissal.

Because Nationstar has fully complied with the terms of the settlement, Nationstar requests that this Court enforce the settlement agreement and enter an order dismissing this action against Nationstar with prejudice and an order of sanctions against Plaintiff for the costs and fees associated with bringing this motion.

## II.  STATEMENT OF FACTS

Plaintiff filed this lawsuit on January 5, 2013.  (Docket No. 1)  On July 7, 2013, the Court issued a screening order requiring Plaintiff to file an amended complaint, or to proceed only as to the claims the court found cognizable.  (Docket No. 6.)  On July 31, 2013, Plaintiff filed her First Amended Complaint ("FAC").  (Docket No. 10.)  On November 15, 2013, Defendant filed a motion to dismiss Plaintiff's FAC.  (Docket No. 20.)  On February 27, 2014, this Court entered an order granting in part and denying in part Defendant's motion to dismiss.  (Docket No. 28.)  On March 13, 2014, Nationstar filed its answer to the FAC.  (Docket No. 30.)

1       In or around November 2014, the parties met and conferred regarding
2 settlement, and agreed on settlement terms.  On November 26, 2014, a notice of
3 settlement was filed.  (Docket No. 43.)  In early December 2014, the parties entered
4 into a settlement agreement whereby Defendant would pay Plaintiff the amount of
5 $5,400 in return for a dismissal of the entire action with prejudice and a release from
6 the claims asserted in the action.  (Declaration of Kenneth S. Miller "Miller Decl." ¶
7 2; Ex. A.)  The settlement agreement was fully executed on December 15, 2014.
8 (*Id*.)  On December 31, 2014, Nationstar mailed Plaintiff the fully executed
9 settlement agreement along with the settlement check.  (Miller Decl. ¶ 3; Ex. B.)
10 Plaintiff cashed the settlement check on or about January 5, 2015.  (Miller Decl. ¶ 5,
11 Ex. C.)  Per the language of the agreement, Plaintiff was required to file a request
12 for dismissal within five days of her receipt of the fully executed settlement
13 agreement.  (Miller Decl. ¶ 5, Ex. A, Agreement ¶ 2.)  To date, Plaintiff has not filed
14 a request for dismissal.  (Miller Decl. ¶ 6.)

15       On January 27, 2015, Nationstar's counsel contacted Plaintiff via email to
16 enquire as to whether Plaintiff received the settlement check, and if so, to file a
17 request for dismissal.  (Miller Decl. ¶ 7; Ex. D.)  Defense counsel received no
18 response to this email.  (*Id*.)  On March 4, 2015, Defense counsel again contacted
19 Plaintiff via email and demanded that Plaintiff file a request for dismissal.  (Miller
20 Decl. ¶ 8, Ex. E.)  Plaintiff responded that she "ha[s] given it the same degree of
21 priority as Nationstar did in issuing the settlement check.  It will happen soon."  (*Id*.)
22 Finally, on April 22, 2015, Defense counsel contacted Plaintiff via email and
23 informed her that if the request for dismissal was not filed within one week,
24 Nationstar would move for an order enforcing the settlement agreement and for
25 sanctions.  (Miller Decl. ¶ 9, Ex. F.)  Defense counsel received no response to this
26 email.  (*Id*.)

27
28

### III.  THIS COURT HAS JURISDICTION TO ENFORCE THE AGREEMENT

This Court has jurisdiction to enforce the settlement between the parties. "[C]ourts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it…" *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978).  "[T]his court notes that a district court need not use explicit language or "any magic form of words" to effect a valid incorporation of an agreement into an order.  *See Halderman v. Pennhurst State Sch. & Hosp.*, 901 F.2d 311, 317 (3d Cir.1990) (quoting *McCall–Bey v. Franzen*, 777 F.2d 1178, 1188 (7th Cir.1985)  "Rather, the court need only manifest its intent to retain jurisdiction." *Schaefer Fan Co., Inc. v. J & D Mfg.*, 265 F.3d 1282, 1287 (Fed. Cir. 2001).

Here, the action is still pending before this Court, and the Court has the inherent power to enforce the agreement.  Defendant Nationstar has fully complied with the agreement, however, despite having made the settlement payment—which was cashed over four months ago—Plaintiff has not filed a request for dismissal.

Accordingly, Defendant here seeks an order from the court enforcing the settlement agreement and dismissing the lawsuit with prejudice.

### IV.  AN AWARD OF ATTORNEYS' FEES IS PROPER

The Court should also award attorneys' fees to Defendant for the costs of having to bring this motion.  Attorneys' fees may be awarded as a sanction for dilatory conduct and for multiplying the proceedings in a litigation unreasonably and vexatiously.  28 U.S.C. § 1927; see *Wages v. Internal Revenue Service* (9th Cir. 1990) 915 F.2d 1230, 1235-1236 (holding that sanctions pursuant to 28 U.S.C. § 1927 apply to pro se plaintiffs).

Here, Plaintiff accepted and cashed the settlement check on or around January 5, 2015.  (Miller Decl. ¶ 5, Ex. C.)  Plaintiff was requested to file a request for dismissal on January 31, 2015, March 4, 2015, and April 22, 2015.  (Miller Decl. ¶¶ 7-9, Exs. D, E, F.)  On March 4, 2015, Plaintiff insinuated that she was purposefully

1  delaying filing the request for dismissal—in violation of the settlement agreement—
2  due to some perceived delay in receiving the settlement check from Nationstar.  (See
3  Miller Decl. Exs. A, E.)  Plaintiff's delay in filing the request for dismissal is
4  unreasonable and vexatious, and sanctions should be imposed for the attorneys' fees
5  expended in bringing this motion in the amount of $1,567.50, as set forth in the
6  Declaration of Kenneth S. Miller.

## V.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court enforce the settlement agreement, dismiss the entire case with prejudice, and impose sanctions against Plaintiff in the amount of $1,567.50 pursuant to 28 U.S.C. § 1927.

DATED:  June 10, 2015               SEVERSON & WERSON
                                    A Professional Corporation


                                    By:   _____*s/ Kenneth S. Miller*_____
                                                Kenneth S. Miller

                                    Attorneys for Defendant
                                    NATIONSTAR MORTGAGE, LLC