# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA D. MORIARITY, <br><br>    Plaintiff, <br><br>  v. <br><br>NATIONSTAR MORTGAGE, LLC, and DOES 1-10, <br><br>    Defendants. | Case No. 1:13-CV-855-SMS <br><br> ORDER GRANTING DEFENDANT DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND TO IMPOSE SANCTIONS <br><br> (Doc. 46) |

This matter is before the Court on Defendant Nationstar Mortgage LLC's "Motion to Enforce Settlement Agreement and for Sanctions Pursuant to 28 U.S.C. 1927." Doc. 46. Plaintiff did not file an opposition to the motion. No hearing was held as the Court found the matter suitable for submission on the papers. Local Rule 230(g); Doc. 47. For the following reasons, the motion is granted.

I. BACKBROUND

On November 26, 2014, Defendant filed a "Notice of Settlement of Entire Action," informing the Court that Plaintiff had settled all claims against Defendant. Doc. 43. The parties fully executed a settlement agreement on December 15, 2014. Doc. 46, Ex. A. Under the agreement, Plaintiff was to file a dismissal with prejudice within five business days of receiving the fully executed agreement and settlement check. Doc. 46, Ex. A. On December 31, 2014, Defendant

1

sent Plaintiff a copy of the fully executed agreement and the $5,400.00 settlement check. Doc. 46, Ex. B. Plaintiff cashed or deposited the check on January 5, 2015, but did not file dismissal documents. Doc. 46, Ex. C.

Thereafter, Defendant contacted Plaintiff on three separate occasions—January 27, March 4 and April 22, 2015—requesting that Plaintiff file dismissal documents. Doc. 46, Exs. D-F. Plaintiff responded to the March 4, 2015 email, stating "she 'ha[s] given it the same degree of priority of Defendant did in issuing the settlement check. It will happen soon.' " Doc. 46, Ex. 1. In its April 22, 2015 email to Plaintiff, Defendant stated it would "move the court for an order enforcing the settlement agreement, dismissing the action, and for an order of attorneys' fees for the costs of bringing the motion." Doc. 46, Ex. F. Nearly seven months have passed since Plaintiff cashed or deposited the settlement check and no dismissal documents have been filed.

## II. DISCUSSION

### A. *Enforcement of Settlement Agreement*

Defendant contends that Plaintiff's failure to file dismissal documents violated the parties' settlement agreement. Unable to obtain Plaintiff's compliance, Defendant therefore requests that the Court enforce the agreement by dismissing the lawsuit with prejudice. Def.'s Br. 1, 3. "[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *City of Equities Anaheim v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim)*, 22 F.3d 954, 957 (9th Cir. 1994) (quotations and citation omitted). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *United Com. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). The Court therefore applies California contract law to resolve this issue.

"[F]or acceptance of a proposal to result in the formation of a contract, the proposal must be sufficiently definite, or must call for such definite terms in the acceptance, that the performance

promised is reasonably certain.  A proposal cannot be accepted so as to form a contract unless the terms of the contract are reasonably certain. [P] . . . The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Weddington Productions, Inc. v. Flick*, 60 Cal.App.4th 793, 811 (1998) (quotations and citations omitted).  Moreover, there must be consent, which is "[a]n essential element of any contract" and "[t]he consent must be mutual." *Id.* (internal quotations and citations omitted).  "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe." *Id.* (quotations and citation omitted).

In this case, the requirements of an enforceable contract are present.  First, the terms are sufficiently definite and reasonably certain.  As stated, Plaintiff is to provide Defendant with a fully executed W-9 and dismiss the suit with prejudice within five business days of receiving $5,400.00 and the fully executed agreement from Defendant.  Doc. 46, Ex. A.  A confidentiality clause prohibits the parties from disclosing any information about the settlement unless one of the enumerated exceptions applies; and among the exceptions are to "obtain court approval for dismissal of the Action" and to "enforce this Agreement."  Doc. 46, Ex. A.

Finally, the agreement explicit states, "the terms and the drafting of this Agreement have been by mutual agreement[.]"  Doc. 46, Ex. A.  This language, coupled with the parties' signatures, demonstrate their mutual consent to the agreement and its terms therein.  Doc. 46, Ex. A; *see Binder v. Aetna Life Ins. Co.*, 75 Cal.App.4th 832, 851(1999) ("[T]he outward *manifestation* or *expression* of assent is controlling.").  Because we have here a valid contract and the parties have agreed to its terms, the Court may therefore enforce the agreement.

B.  *Sanctions*

Defendant contends Plaintiff's delay in filing dismissal documents is unreasonable and

vexatious. It therefore requests the Court impose sanctions against Plaintiff for the attorneys' fees expended in bringing this motion. Def.'s Br. 3-4.

Section 1927 provides, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. 1927 (2015). The imposition of § 1927 sanctions "requires a finding of subjective bad faith." *MGIC Indemnity Co. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). Even a *pro se* plaintiff may face such sanctions. *Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

The facts of this case warrant the imposition of sanctions. Plaintiff cashed or deposited the settlement check from Defendant on January 5, 2015. Under the parties' agreement, she was to then file dismissal documents within five business days. But despite repeated requests from Defendant—three emails—Plaintiff did not comply. Plaintiff even responded to Defendant's March 4, 2015 email and suggested that her delayed action was to reciprocate Defendant's delay in issuing the settlement check. Now, nearly seven months after Plaintiff received her money, no dismissal documents have been filed. Defendant's patience was not rewarded.

Notwithstanding the fact that Defendant's issuance of the check just two weeks after the parties executed the agreement did not amount to a delay, Plaintiff's conduct and words reflect an intentional and unreasonable violation of the parties' agreement. They show bad faith. Under the circumstances, the Court will therefore impose sanctions against Plaintiff for the attorneys' fees Defendant expended in bringing this motion.

Defendant requests $1,567.00 in attorneys' fees. Def.'s Br. 4. This amount represents counsel's billing rate of $285.00 per hour for all the actual and anticipated hours spent in connection with this motion. Because no opposition was filed which may have required a reply and the Court vacated the hearing, any time expended was limited to counsel's preparation for the motion and

4

supporting documents.  Doc. 47.  The Court will therefore order that Plaintiff reimburse Defendant $855.00 ($285.00 x 3 hours)[1] for the attorneys' fees Defendant incurred in connection with this motion.

III.  CONCLUSION

Defendant's "Motion to Enforce Settlement Agreement and for Sanctions Pursuant to 28 U.S.C. 1927" is hereby granted.  It is ordered that (1) this suit be dismissed with prejudice and (2) Plaintiff shall pay Defendant $855.00, by money order or cashier's check, no later than August 31, 2015.

IT IS SO ORDERED.

Dated:  **July 29, 2015**            /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's counsel "spent 3.0 hours preparing the notice of motion, motion, memorandum of points and authorities, and declaration in support of Defendant's motion to enforce the settlement agreement."  Doc. 46, Ex. 1.

5